Leon N. Armer, J.
This is a motion to dismiss two indictments made upon the grounds that the Grand Jury proceedings were defective by reason of the defendant not having been accorded an opportunity to appear and testify before the Grand Jury. (See CPL 210.20, subd 1, par [c]; CPL 210.35, subd 4; CPL 190.50, subd 5.) The court has received the testimony of defendant on a hearing, and the testimony of his counsel, called as a witness by the prosecution. Both parties have been given the opportunity to furnish evidence relating to the issues raised by the motion papers. Upon the affidavits of both attorneys submitted on this and a prior similar motion, the testimony taken, and certain judicial notice taken as hereinafter noted, this court finds and determines as follows:
On July 11, 1974 two felony complaints were filed, one in the Hamburg Town Court, the other in Lackawanna City Court, each of which charged defendant with violations of article 220 of the Penal Law during April, 1974. The defendant was not arrested, but voluntarily surrendered to custody October 4, 1974 according to his attorney’s sworn statement which was not rebutted. He remained in custody on these charges until released on bail January 2, 1975. These charges underlie the instant indictments.
The defendant was arraigned in Lackawanna City Court October 4, 1974. Those charges were adjourned until October 22, 1974 for a preliminary hearing. He was arraigned in Hamburg Town Court on October 18, 1974, which charges were adjourned to October 23, 1974 for a preliminary hearing.
On October 22, 1974 the matter in Lackawanna City Court was adjourned to October 29, 1974 for a preliminary hearing. The Hamburg Town Court matter was adjourned October 23, 1974 until November 6, 1974 for a preliminary hearing.
The District Attorney claims that these adjournments were at defendant’s request. The defendant claims that they were at the District Attorney’s request. On the record before this court the defendant’s contentions must be credited concerning *1044 these claims. No testimony or evidence was offered thereon, nor any affidavit of any member of the District Attorney’s office claiming actual personal knowledge. The defense claims are further corroborated by the fact a motion was made dated October 29, 1974 to Lackawanna City Court for defendant’s release pursuant to CPL 180.80. ("Proceedings upon felony complaint; release of defendant from custody upon failure of timely disposition”.) A similar motion dated November 4, 1974 was made to Hamburg Town Court.
In the meantime, the charges recited had been presented to an Erie County Grand Jury on or about October 25, 1974, without notice of that fact to defendant or his counsel.
By letter dated November 1, 1974, by which service of the first of the foregoing notices of motion was made, the defendant’s attorney requested that his "client be allowed to exercise his right to appear as a witness before the Grand Jury * * * and * * * that the notice of the date and time of the appearance be given * * *, at this address.” The District Attorney acknowledges receipt of this letter November 4, 1974. A representative of the District Attorney’s office, on a prior motion, has contended that on November 6, 1974, the defendant’s attorney was notified verbally that if he wished the defendant to appear that he, the defendant’s attorney, would have to appear at the District Attorney’s office at 9:30 a.m., November 7, 1974. It is claimed that the defendant was with his attorney at that time. It is difficult to see how this could be since the defendant was then at the Erie County Holding Center, but determination of such fact is not necessary to this proceeding. It is, and has been the practice for the District Attorney’s office to make arrangements to produce a defendant in custody for appearance before the Grand Jury, defense counsel having no power to so do and it is beyond dispute that the District Attorney’s office did not have the defendant brought to the Grand Jury November 7, 1974 at 9:30 a.m. It does not appear that his counsel was so present either.
On November 7, 1974 defendant was indicted on both matters and arraigned thereon November 8, 1974. The defendant moved to dismiss the indictments on the same grounds as the instant motion. The indictments were dismissed with leave to resubmit to another grand jury, by reason of failure of the District Attorney to "serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place”, the court holding that the *1045 telephone conversation was inadequate notice within the meaning of the statute.
Following that decision, dated November 27, 1974, the District Attorney, by letter dated December 3, 1974 advised defendant as follows: "The Erie County Grand Jury will investigate matters which could result in criminal charges being placed against you, on December 13, 1974 at 10:00 A.M. o’clock. * * * If it is your intention to give testimony on that date, prior thereto it will be necessary for you to notify the undersigned or have your attorney do so.” This letter was mailed to the defendant at his attorney’s office address.
This notice was, of course, insufficient to comply with CPL 190.50 (subd. 5, par. [b]). It did not notify the defendant that "he would be heard * * * at a given time and place.” The criminal charges with which he was concerned had already been placed against him, and the language of the notice "which could result in criminal charges being placed against you” could easily be understood as referring to other matters than those upon which the defendant remained in custody. Further, the District Attorney, having once been served with notice that the defendant wished to be heard, had no right to serve the notice required with a condition that further notice be given by the defendant before he could exercise the right given to him by law.
On proceedings in court December 11, 1974 defendant’s counsel acknowledged that he knew of that date, place and time at which his client, the defendant, was to appear, i.e., December 13, 1974.
The defendant was not produced before the Grand Jury on December 13, 1974. By letter dated December 11, 1974 mailed to his attorney, defendant’s attorney was advised: "The presentation to the Grand Jury of the matters involving [defendant] has been adjourned to Wednesday, December 18, 1974 at 10:00 A.M. at 25 Delaware Ave., 2nd floor, Grand Jury room. * * * If your client intends to exercise his right * * * notify us at least one or two days in advance. We need some notice to order the defendant brought in”.
Again, this notice did not notify defendant as to when and where he would be heard, and again required further notice from the defendant before permitting him to exercise his lawful right to appear. He was not produced before the Grand Jury December 18, 1974 at 10:00 a.m., although still in custody.
*1046 In the meantime, by letter dated December 17, 1974, the defendant, apparently abandoning his prior notice, again served by mail a notice upon the District Attorney as follows: "On behalf of my client, I request that my client be allowed to exercise his right to appear as a witness before the Grand Jury of Erie County and I request that the notice of the date and time of the appearance be given to myself at this address.”
This drew the following response, dated December 19, 1974 from the District Attorney: "Your note failed to comply with Section 1950 of the CPL, in that it does not indicate what your client’s full name is and the charges of which he claims to be a target. * * * Further it does not give notice to the Foreman of the Grand Jury. * * * Upon your filing of the proper request, this office will take such action as is required.”
There is, of course, no CPL 1950. The duty of notifying the foreman of the Grand Jury of a request to appear rests on the District Attorney (CPL 190.50, subd. 5, par. [b]) and cannot be shifted to the defendant, particularly if he is in jail and not at liberty to wander about the courthouse. It is further worth noting that the District Attorney’s office had not previously experienced difficulty in relating correspondence captioned "Peo. v Wagner” with the defendant.
The defendant’s attorney responded, by letter dated December 24, 1974, received by the District Attorney December 27, 1974, in the following manner:
"Sir:
"Please take notice that Gregory Wagner, having reason to believe that the Grand Jury is investigating a charge that he has committed the crime of possession of a controled [sic] substance, hereby requests that he be heard in person before the grand jury investigating the charge and that he be permitted to testify in his own behalf with respect thereto. Please send the notice of the date and time of the appearancé to the above address.”
Neither the defendant nor his attorney received any response to this, notice, except instant indictments, 39,876 C and D, reported out by the Grand Jury January 14, 1975, upon which defendant was arraigned January 22, 1975, the date this motion was made.
While perhaps not related directly to the history of this case, it should be judicially noted that the November and *1047 December grand juries were drawn from the limited pool of jurors remaining after the striking of the Erie County jury pool following the decision in June, 1974 in People v Attica Bros. (79 Misc 2d 492). The pool remaining contained a high proportion of young people and citizens from the inner city. In one case tried before this court in December, 1974, 11 of the 12 trial jurors were below the age of 21 years. Effective January 1, 1975, a new jury pool of far broader representation became effective. While on the face of the matter this situation should be given no weight, the fact remains that the defendant has been deprived of his right to have his matter heard, and his testimony taken into account by, the grand juries for November and December.
Upwards of six months passed between the commencement of the criminal action herein and the return of this indictment. (Cf. CPL 30.30, subd. 1, par. [a].) It is no longer possible to obtain a valid indictment within the 45 days from the order based upon the decision of this court dismissing indictments 39,876 A and B. While neither of these considerations appears germane to the facts at issue, they are matters which may, when considered with the denial of a preliminary hearing contrary to CPL 180.60 and 180.80, and the confinement of defendant in custody for virtually three months after his voluntary surrender, give the court cause to decline to order a further resubmission upon charges which the People have already had almost 10 months in which to obtain valid indictments. Repeated resubmission of the same charge "is contrary to the spirit of our criminal law.” (People ex rel Flinn v Barr, 259 NY 104, 109.)
These indictments are dismissed. The defendant’s bail thereon is exonerated.