Jack Rosenberg, J.
The defendant, Stanley Roy Root, moves for an order pursuant to CPL 190.50 dismissing the indictment herein. Subdivision 5 of that section provides in relevant part:
"Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision:
"(a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein;
"Ob) Upon service upon the district attorney of a notice requesting appearance before a grand jury pursuant to paragraph (a), the district attorney must notify the foreman of the grand jury of such request, and must subsequently serve upon the applicant, at the address specified by him, a notice that he *484 will be heard by the grand jury at a given time and place. Upon appearing at such time and place, and upon signing and submitting to the grand jury a waiver of immunity pursuant to section 190.45, such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration. Upon giving such evidence, he is subject to examination by the people.
"(c) Any indictment * * * obtained or filed in violation of the provisions of paragraph (a) or (b) is invalid and, upon a motion made pursuant to section 170.50 or section 210.20, must be dismissed; provided that a motion based upon such ground must be made not more than five days after the defendant has been arraigned upon the indictment * * * If the contention is not so asserted in timely fashion, it is waived and the indictment * * * may not thereafter be challenged on such ground.”
It appears from the affidavits submitted in support of and in opposition to the motion that defendant was indicted on February 6, 1976 and charged in a multi-count indictment with the crimes of conspiracy, perjury, grand larceny and attempted grand larceny. On January 10, 1976, the defendant, having determined that the Grand Jury was inquiring into his conduct, was in touch with the District Attorney requesting the right to appear before the Grand Jury. Thereafter on January 19, 1976, defendant, through his counsel, was notified to appear for examination on January 26, 1976. Prior to that date, defendant’s counsel sought to confer with the District Attorney to determine the nature and scope of the Grand Jury’s inquiry but was denied the information sought. Defendant made no appearance before the Grand Jury on January 26 and on February 6, 1976 the indictment which he seeks to have dismissed was voted by the Grand Jury.
In support of his motion to dismiss the indictment the defendant contends that the District Attorney, "should not be permitted to violate the spirit of Section 190.50 by prohibiting the accused from thoroughly investigating and preparing for his grand jury presentation.” He also argues that "in order to exercise this right [to appear before the Grand Jury in accordance with CPL 190.50, subd 5], and to have effective assistance of counsel, a prospective defendant must be told of the nature of the case under consideration. Once a person falls within the ambit of CPL 190.50(5) * * * he must be informed of the character of the charges.”
*485 The People state that they have fully complied with CPL 190.50; that under paragraph (a) of subdivision 5 of that section the District Attorney and the Grand Jury are required to inform a person against whom a criminal charge is being or about to be submitted to a Grand Jury that such a Grand Jury proceeding is pending against him only when "such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding”; that the defendant here has not been so arraigned and that nothing in the section requires that any defendant has a right to be first informed of the "nature and scope” of the Grand Jury’s investigation prior to his exercise of his right to appear as a witness before the Grand Jury.
Thereafter, this court directed that a hearing be held to allow the defendant to present evidence in the issue of whether the District Attorney’s refusal to advise the defendant of the nature and scope of the Grand Jury’s investigations prior to his availing himself of his right under CPL 190.50 to appear before the Grand Jury to submit testimony had so prejudiced him as to deny him adequate assistance of counsel.
The testimony of the defendant at that hearing makes it clear he had had conversations with several of his clients and the parent of one of them prior to January 10, 1976 when the telegram was sent seeking to exercise his right under CPL 190.50 to appear and testify before the Grand Jury. From those conversations and rumors he had heard in the course of his activities in the courts as an attorney, around December, the defendant was aware in January that an insurance industry unit was subpoenaing many files of many different attorneys including his, concerning personal injury actions in which he had been counsel and that, as he claimed he had been told by one of his clients, the District Attorney and a few detectives that "they were out to get” him. The defendant also testified that he knew the Grand Jury’s investigation "related to the accident cases, that I knew”. It is clear, therefore, that the defendant was well aware of the nature and scope of the Grand Jury’s inquiry and was in no way denied the effective assistance of counsel by the District Attorney’s refusal to advise him thereof. For that reason the motion is denied.
This court finds it necessary, however, to comment further on the issues raised by this motion. The District Attorney’s *486 memorandum of law in opposition to the motion makes no effort to deal with the defendant’s claim that failure to advise him of the scope and nature of the Grand Jury inquiry into his conduct not only deprives him of the effective assistance of counsel but also subjects any exercise of his right to appear and testify before the Grand Jury the right protected by CPL 190.50 (subd 5) to the threat that he exercises it as his peril. Rather, the prosecution in that memo notes that the cloak of secrecy with which our law covers the Grand Jury’s hearings and deliberations is intended "(1) to prevent the flight of the accused, (2) to encourage free and untrammeled disclosures by persons having information with respect to the commission of crimes, (3) to prevent subornation of perjury and tampering with witnesses, (4) to assure the utmost freedom of deliberation in the grand jury room and (5) to protect the reputation of the innocent accused”. Four of the foregoing five reasons are weighted in favor of the prosecution. Only the last gives any hint that the Grand Jury had its origin at the time when there raged a fierce conflict between the rights of the subject and the power of the sovereign. It was established to secure to the subject a right of appeal to his peers, under the immunity of secrecy and nonresponsibility, before the Government could bring him to trial. It was a right wrested from the Government to secure the subject against oppression. The Constitution of the United States and the Constitutions of all the States show that it is adopted here as a means of protection of the citizen, as well as a necessary aid to public justice (People v Naughton, 7 Abb Prac [NS] 421, 38 How Prac 430; also, see, Matter of Gardiner, 31 Misc 364). We must remember that the primary purpose of the Grand Jury is to protect the innocent from unjust prosecution (People v Seward, 51 Misc 2d 415). The function of the Grand Jury is to act as a shield of innocence against plottings of private malice, as a defense of the weak against the oppression of political power and as a guard of the liberties of people against encroachment of unfounded accusations from any source (People v "John Doe”, 47 Misc 2d 975, affd 24 AD2d 843). A Grand Jury has the duty to protect the rights of witnesses with regard to due process and to protect citizens against the misuse of government power (People v Ward, 66 Misc 2d 392, revd on other grounds, 37 AD2d 174).
Too often, the prosecutor loses sight of the foregoing and treats the Grand Jury as though it were solely a sword to be *487 used by him against the suspected wrongdoer, forgetting its role as a shield for the innocent. Too often, the District Attorney seeks to make the Grand Jury his tool for prosecutorial success at any cost. He tends too much to great use of leading questions in Grand Jury presentations. He pays no heed to the fact that the ABA standards proposed by the Grand Jury committee of the section of criminal justice for issuance of subpoenas to Grand Jury witnesses declare that in any case in which a subpoenaed witness or a person directly affected thereby moves to quash a Grand Jury subpoena, the prosecutor should be required to make a reasonable showing that the evidence being sought is relevant to the Grand Jury investigation, properly within the Grand Jury’s jurisdiction, and not sought primarily for another purpose. Those same proposed standards declare that the subpoena should indicate generally the statutory and subject areas that are the concern of the Grand Jury.
In the instant matter, we have held that, on the basis of the testimony in the hearing before us, the defendant was sufficiently apprised of the nature and scope of the Grand Jury’s inquiry to enable him to appear as a witness before it if he wished to under CPL 190.50, and to do so without deprivation of his right to the effective aid of counsel. But if this had not been the case, the District Attorney might well have given careful deliberation to the wisdom of apprising the defendant of the statutory and subject areas that were the concern of the Grand Jury inquiry. The prosecution should always keep in mind the fact that the shield of secrecy surrounding the Grand Jury should never be allowed to become a cloak under which his duty to prosecute the wrongdoer becomes a device for entrapping the innocent.