*911 OPINION OF THE COURT
Milton L. Williams, J.
An indictment was filed against defendant, Edward Suarez, charging him with criminal possession of dangerous weapons in the second degree, an armed felony; reckless endangerment in the second degree; menacing; and criminal possession of a weapon in the third degree. Defendant has moved to dismiss said indictment pursuant to CPL 210.20 (subd 1, par [c]); 210.35 (subd 4); and 190.50 (subd 5, par [c]), alleging that the indictment is defective because the Grand Jury notice which he was given failed to accurately apprise his counsel of the seriousness of the charges which the Grand Jury could potentially bring against him.
The relevant facts are as follows. Defendant was arrested on January 13, 1980 for attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. The next day, when the felony complaint was drafted, defendant was charged with two counts of criminal possession of a weapon in the third degree only. The District Attorney allegedly left out the more serious charges because the witness to those acts was unavailable that day. Defendant was arraigned the same day, January 14, 1980, on the complaint and was served with Grand Jury notice. On January 15 the present indictment was voted. On February 4 defendant was arraigned upon the indictment. The Grand Jury had ceased to sit on January 25. On February 8 this motion was filed within the five-day period mandated by CPL 190.50 (subd 5, par [c]).
Defendant’s position is that the felony complaint represented the only notice which he was given as to the charges against him and, this being so, that it was patently unfair to him to be subsequently charged with a substantially more serious offense, an armed felony. Although he had been given Grand Jury notice, the complaint did not reflect any armed felony offenses; therefore defense counsel was not on notice as to any potential indictment for such charges and made his decision as to whether to put defendant before the Grand Jury on that basis. Had he known, he would have presumably proceeded differently, presenting defendant as a witness to the Grand Jury. In sum, defendant is arguing that the People’s procedure in this matter rendered the Grand Jury notice ineffective and, in so doing, denied his statutory right to present evidence before the Grand Jury and impliedly denied his constitutional right to effective assistance of counsel.
*912 The People argue contra, by asserting that the necessary procedural prerequisite for bringing this motion is that defendant give notice pursuant to CPL 190.50 (subd 5, par [a]) and while the evidence was being presented and before the indictment was filed that he in fact intended to testify.
The issue presented for determination by this case is whether or not the District Attorney’s failure to apprise defendant, in a timely manner, that an armed felony charge would be presented to the Grand Jury rendered inadequate the notice of Grand Jury proceeding served, where he knew for certain that such charge would be presented. It is the opinion of the court that, on the facts presented, the District Attorney, by denying defendant the information he needed to make a decision in his client’s best interests as to whether to exercise the statutory right which the notice requirement was created to protect, rendered ineffectual the notice which was served, consequently prejudicing defendant’s right to appear as a witness before the Grand Jury and by implication his constitutional right to effective assistance of counsel.
CPL 190.50 (subd 5, par [a]) reads, in part, as follows:
"Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision: * * *
"The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”.
At the outset, the situation encountered here must be distinguished from that contemplated in CPL 190.65 (subd 2). That section deals with the power of the Grand Jury in a general sense; a Grand Jury catti charge offenses, if the evidence warrants, that were not submitted at the outset of the Grand Jury proceeding. This power is an important part of its investigatory role. In the instant case, a situation exists where there is no question that the prosecutor will seek higher charges than those with which he formally charges defendant *913 at the outset. At this point, the Grand Jury’s general power clashes with a specific statutory right of a clearly defined class of individuals in a singular factual setting. It is hornbook law that where two conflicting principles apparently govern a situation that the more specifically applicable of the two prevail; hence the general power of the Grand Jury need be conditioned somewhat here.
The case law interpreting (CPL 190.50 (subd 5, par [a]) has stated that a defendant falling within the statutory ambit is entitled to actual notice that the prosecutor is submitting charges to the Grand Jury (People v Rakity, 77 Misc 2d 324). People v Root (87 Misc 2d 482) adds a gloss to this rule. In Root, the court held that because the defendant, an attorney, was well aware via independent sources of the nature and scope of the charges being investigated by the Grand Jury, the prosecutor’s refusal to inform him of such nature and scope was not so prejudicial as to deny defendant his statutory right to appear as a witness. The court strongly suggests that had defendant not been so informed, a different outcome may well have resulted.
The facts in this case seem to be distinct enough from Root to compel the opposite outcome. The key distinction is that the defendant in Root did not fall within the statutory class of persons whom the prosecutor had an affirmative duty to notify as the defendant in the instant case did. The fact that the Root court’s decision turned upon the defendant’s having actual, effective notice, given the above-mentioned distinction, argues very strongly for requirement of effective notice in this case.
This argument’s impact is heightened by the realization that defendant had little or no chance otherwise to be informed. In the instant case, defendant was not an attorney who could incidentally gather information from the courthouse scuttlebutt. Due to the very short time between the criminal occurrence and the voting of the indictment, his attorney, a Legal Aid Society staff attorney, had very little time to investigate the case. Moreover, the felony complaint and the arraignment thereupon represent the formal charges being filed at that point in time, just as in an indictment. The felony complaint in this case gave no clue that anything more than mere possession was being charged. Since the Grand Jury notice itself failed to mention armed felony charges, defendant had no notice of the gravity of the charges. The *914 prosecutor’s sole argument, that he did not receive notice of defendant’s intent to appear before the Grand Jury, under these circumstances, sidesteps the major issue.
It is interesting to note that the CPL mandates that where an offense constituting an armed felony is included in an accusatory instrument the designation "armed felony” must be included in the applicable count (see CPL 100.15 and 200.50). The sections concerned with both indictments and felony complaints were amended to include a provision dealing specifically with this matter. The purpose is clearly to direct the criminal justice system’s attention to the fact that the defendant is accused of a particular variety of offense that has been singled out for special treatment by the Legislature. Indeed, section 70.02 of the Penal Law bears this out. The punishments to which a convicted "armed felon” is susceptible are more serious.
It would stand to reason then, that a person in defendant’s situation should have been given notice of the armed felony charges in time to decide whether to appear as a Grand Jury witness, where the prosecutor knew that they were to be presented and fails to state good cause for not giving notice. It smacks strongly of undue suprise and denial of fair play, otherwise. Where the opposite situation exists, the prosecutor does not know of the armed felony charges from the outset, and evidence is elicited during the course of the Grand Jury proceeding, an opposite outcome would not provide any problem. While it may be argued that a defendant does not suffer real harm under these circumstances because he nevertheless will have his day at trial, this type of reasoning is nothing more than a rationalization for potential Grand Jury abuse.
Motion to dismiss the indictment is granted without prejudice to the People’s resubmission, upon their application to do so, of the charges to the Grand Jury.