OPINION OF THE COURT
Joan O’Dwyer, J.
Defendant moves to dismiss her indictment on the ground that she was denied her statutory right to appear and testify before the Grand Jury.
The defendant herein was arrested on March 2, 1981 for attempted murder in the first degree and related crimes. These charges sprang from an incident in which she allegedly stabbed a police officer and was shot while doing so. As a result of this wound, defendant was taken to Elmhurst General Hospital where she was arraigned on July 6, 1981.
A felony hearing was held on July 9 and the matter held for presentment to the Grand Jury. During this hearing, the District Attorney acknowledged that the defendant had served notice of her desire to testify before the Grand Jury and her counsel verified this fact. Thereupon, the District Attorney stated that he intended to present the matter during the next week, either on July 14 or 15, and he would give defendant’s counsel “personal specific notice”.
*68 Also during this hearing, the defendant’s counsel requested that the District Attorney arrange transportation for his client since she was presently in the hospital. The District Attorney refused, arguing that since she was not incarcerated, his office lacked jurisdiction and it was her own obligation to appear before the Grand Jury. This point was apparently not resolved at the close of the hearing.
The matter did not go to the Grand Jury the next week but was presented on August 6, 1981, some three weeks later. The defendant was notified on August 13 that she had been indicted and arraignment was set for August 19. The present motion appeared on the calendar August 19, 1981 and thus is timely (GPL 190.50, subd 5, par [c]).
The issue now presented is whether or not the District Attorney denied the defendant her rights pursuant to GPL 190.50 (subd 5) in that the State failed to notify her of the rescheduled Grand Jury presentation. Subdivision 5 provides, in pertinent part, as follows:
“(a) When a criminal charge against a person is being * * * submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, *** he serves upon the district attorney *** a written notice making such request * * *
“(b) Upon service upon the district attorney of a notice * * * the district attorney must notify the foreman of the grand jury of such request and must *** serve upon the applicant *** notice that he will be heard by the grand jury at a given time and place”.
The record, in this case, indicates that the defendant filed a written notice of her intention to appear and this was acknowledged at the preliminary hearing. The fact that the District Attorney subsequently could not find any record of this notice does not eliminate its original existence. Thus, for the purpose of the statute, the State was aware of the defendant’s desire to testify. A date was set but the Grand Jury did not meet. At this point neither the District Attorney nor defendant’s counsel took any further action. The Grand Jury did meet some three weeks later and indicted the defendant. The People now contend that the defendant’s failure to follow through or give additional notice to this later Grand Jury waived her rights to appear.
*69 In dealing with this area of the law it is to be noted that the purpose of this statute was “to separate those with a sincere desire to testify before the Grand Jury from those with no such intention” (People v Napoli, 67 Misc 2d 1010, 1012). Further, the courts have been uniform in maintaining that this notice must be actual rather than technical (People v Rakity, 77 Misc 2d 324, 327). Such notice should clearly advise a defendant as to a specific time, date and place of the Grand Jury deliberations (cf. People v Wagner, 80 Misc 2d 1042). The District Attorney’s papers must at least give the defendant some idea “of the nature and scope of the Grand Jury’s inquiry” so as to enable him to appear meaningfully as a witness and, if necessary, secure the effective aid of counsel (People v Root, 87 Misc 2d 482, 487). Thus, in People v Suarez (103 Misc 2d 910) a defendant was told about a pending Grand Jury biit was not advised that an armed felony charge was to be presented against him. He did not exercise his right to appear but later moved to dismiss the indictment on the theory that he would have acted in a different fashion if he was aware of the gravity of the pending charges. The court agreed and stated that the lack of knowledge of a potential serious charge deprived him of the effective right to counsel.
In addition to the above duties imposed on the District Attorney, two recent cases have indicated that the District Attorney must act in good faith in regard to an accused appearing before a Grand Jury. These cases held that his right to testify must not be infringed on by the People once a witness exercises his right to appear, pursuant to GPL 190.50 (subd 5). In the first case, a witness with a problem in communicating was improperly interrupted by a District Attorney during her Grand Jury appearance. The Appellate Division, in People v Green (80 AD2d 650), ruled that this unauthorized interruption nullified her testimony. A second case (People v Dunbar, 100 Misc 2d 389) involved a witness who appeared before the Grand Jury and was cross-examined as to the facts in his case even before he had a chance to present evidence in his own behalf. The court held that the State’s actions had deprived him of his statutory right to offer his own testimony. While both of these cases dealt with appearances before the *70 Grand Jury and not the People’s obligations to give notice of pending actions, the principle enunciated is applicable to the entire statute. The District Attorney is under a duty to act consistently in good faith when dealing with a defendant’s right to appear and testify before a Grand Jury.
To summarize then, the applicable law regarding the People’s duty to serve notice under GPL 190.50 (subd 5, par [b]) is as follows:
(1) The District Attorney must give actual notice of the Grand Jury proceeding setting forth a specific time, date and place.
(2) Similarly, the State must advise the defendant of the approximate nature of the prospective proceeding so as to allow him the right to effectively use counsel, and
(3) The District Attorney must act in continuous good faith so as to render the right to testify meaningful.
Applying these principles to the case at bar, this court finds that the District Attorney was under an obligation to advise the defendant that the Grand Jury proceedings had been postponed when he became aware of that fact. The burden is on the People, once statutory demand had been made, to notify the witness as to present or pending Grand Jury presentments. The clear language of CPL 190.50 (subd 5, par [a]) mandates this: “[S]uch person has a right to appear before such grand jury as a witness in his own behalf *** In such case, the District Attorney must notify the defendant *** of the prospective or pending grand jury proceeding” (emphasis added). Good faith further requires that this notice be a continuing one otherwise the witness’ right to appear would be easily nullified.
In the instant matter, the State had no right to assume that the defendant’s failure to make additional inquiries constituted a waiver as to future appearances. Thé statute requires only a “single written notice making such request” and an attorney need not make additional requests. The basic fact remains that the District Attorney was aware that this defendant wanted to testify and that her desire had been expressed in writing, reaffirmed at a preliminary hearing and never revoked. Under such circumstances the District Attorney had not only the duty of *71 furnishing original notice, but also should have advised the defendant as to the future Grand Jury meeting. The failure to do so deprived the witness of her right to testify.
Based on the above, this court grants the motion to dismiss the indictment and grants leave to the District Attorney to resubmit the matter to another Grand Jury. The defendant is to be continued to be released on her own recognizance. If defendant is still hospitalized and there is a problem regarding transportation, counsel may make application to the proper court for assistance.