OPINION OF THE COURT
Francis X. Egitto, J.
An indictment has been filed against the defendant Peter Natoli, charging him with the class E felonies of grand larceny in the third degree (Penal Law, § 155.30) and criminal possession of stolen property in the second degree (Penal Law, § 165.45) and the class A misdemeanor of unauthorized use of a vehicle (Penal Law, § 165.05). Defendant Natoli now moves to dismiss said indictment pursuant to CPL 190.50 (subd 5, par [c]), 210.20 (subd 1, par [c]) and 210.35 (subds 4, 5) on the ground that he was deprived of his statutory right to testify before the Grand Jury by virtue of the District Attorney’s partial submission to the Grand Jury of the charges contained in the felony *1070 complaint. Additionally, the defendant moves for an order denying the Assistant District Attorney’s application, pursuant to CPL 240.40 (subd 2, par [b], cl [v]), to have the defendant provide blood samples to be used by the prosecution.
As to the first branch of defendant’s motion, the relevant facts are as follows: The defendant was arrested on October 15, 1981 and was arraigned on a felony complaint. This complaint charged the defendant with the crimes for which he is indicted hereunder, in addition to the crime of criminally negligent homicide. Pursuant to CPL 190.50 (subd 5, par [a]), the defendant was informed that the charges against him were going to be submitted to the Grand Jury. Aware of his statutory right to testify, he elected not to appear as a witness. After the instant indictment had been handed up, the defendant learned for the first time that the District Attorney had not submitted homicide charges to the Grand Jury.
The defendant now claims that his failure to know the precise charges which were submitted to the Grand Jury denied him the effective assistance of counsel in determining the crucial question of whether or not to testify. The defendant’s position is that the felony complaint represents the only notice he was given as to the charges against him and, this being so, it was patently unfair to be unaware that the crime of criminally negligent homicide was not to be presented to the Grand Jury.* The defendant implies that had he known this fact, he may have acted in a different fashion.
The issue presented is whether or not the felony complaint was sufficient to fully and accurately notify the defendant of the charges being presented before the Grand Jury. We hold that in this case the felony complaint was sufficient.
Preliminarily, CPL 190.50 (subd 5, par [a]) reads, in part, as follows: “The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending * * * unless such person is a *1071 defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant * * * of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”.
The few cases interpreting CPL 190.50 (subd 5, par [a]) hold that the District Attorney’s papers must at least give the defendant some idea of the “ ‘nature and scope of the grand jury’s inquiry’” so as to enable him to appear meaningfully as a witness and, if necessary, secure the effective aid of counsel (People v Martinez, 111 Misc 2d 67, 69; People v Root, 87 Misc 2d 482).
We hold that the felony complaint filed herein was sufficient to inform the defendant of the nature and scope of the inquiry. The prosecutor’s submission to the Grand Jury of some — but not all — of those charges listed in the felony complaint does not warrant this indictment’s dismissal. The defendant was on notice at all times of the seriousness of the charges before him. However, an opposite result would be required where an indictment charges a defendant with more serious offenses than any listed in the felony complaint and where the prosecutor knew at all times that the more serious charges would be presented to the Grand Jury (People v Suarez, 103 Misc 2d 910). In Suarez, the felony complaint did not charge the defendant with any armed felony offenses when, in fact, the prosecutor knew that armed felony offenses would be presented to the Grand Jury. The court therein held that the prosecutor’s lack of notice to the defendant as to the nature and scope of the inquiry prejudiced defendant’s right to appear as a witness.
But this is not the situation in the case at bar. Here, the felony complaint listed all the charges against the defendant. The felony complaint gave him “some idea ‘of the nature and scope of the Grand Jury’s inquiry’ ” (People v Martinez, supra, p 69). Defendant, with the assistance of counsel, chose not to exercise his statutory right to testify. Unsuccessful strategy decisions do not spell out ineffective *1072 assistance (People v De Mauro, 48 NY2d 892). The defendant cannot now claim prejudice and ineffective assistance of counsel because the prosecutor did not submit to the Grand Jury for deliberation each and every charge enumerated in the felony complaint. Accordingly, defendant’s motion to dismiss the indictment is denied.
As to that branch of defendant’s motion for an order denying the Assistant District Attorney’s application for blood samples pursuant to GPL 240.40 (subd 2, par [b], cl [v]), the defendant’s motion is denied and the People’s application for blood samples from defendants Natoli and Erickson is granted.
In support of their application, the People have attached copies of the results of scientific tests conducted upon blood samples which were found on tissue paper and pieces of vinyl recovered from the stolen 1973 Ford. They request the defendant’s blood samples for the purpose of comparison with the blood samples found in the 1973 Ford.
In light of these facts, this court concludes that the People are entitled to the requested samples. What is required on such motions is that the application follow the precepts of due process: to wit, that the individual has received proper notice of the application and that probable cause for the granting of the relief sought appears in the moving papers (People v Trocchio, 107 Misc 2d 610; Matter of District Attorney of Kings County v Angelo G., 48 AD2d 576). In the instant case, these two requirements have been satisfied.
Accordingly, and for the reasons stated herein, the defendant’s motion to dismiss the indictment is denied. The People’s application for blood samples is granted and defendant’s motion for an order denying the People’s application is denied.

 It must be noted that criminally negligent homicide, a class E felony, is given the identical designation and weight in the Penal Code as the other two felonies for which the defendant stands indicted hereunder.