OPINION OF THE COURT
Stuart Namm, J.
The question before the court is whether a prospective target of a de nova Grand Jury investigation is entitled to the disclosure by the prosecution of certain information prior to his appearance as a witness before that investigating body, where it is claimed that the novel and complex nature of the investigation, alleged theft of a computer code, justifies such preindictment discovery.
Petitioners include a corporate entity and its current president. By order to show cause, counsel for the petitioners have moved for an order directing the office of Edward J. Kuriansky, Deputy Attorney-General, Medicaid Fraud Control Unit, to provide them with:
*535 (1) A description of the nature and scope of the various investigations presently being conducted by the Grand Jury to include: (a) the crimes to be considered by that body; and (b) a specific factual statement as to the alleged criminal activity being investigated to include the time(s) of occurrence, the identities of all victims, the names of all accomplices or codefendants, and a description of any property stolen, together with a statement of the theory of any alleged larceny;
(2) The names of all witnesses who have appeared and testified before the Grand Jury to date;
(3) The business records of the petitioner corporation and other specifically named hospitals and corporations, which records are presently in the custody of the respondent, for the purpose of reviewing and copying same prior to any appearance before the Grand Jury.
The Deputy Attorney-General opposes the right of the petitioners to obtain the requested information, but has consented to their review of their seized books and records, and has gone so far as to turn them over to the petitioners for review. Oral argument by counsel was had before the court on December 11, 1984.
DECISION OF THE COURT
At the outset, the court is not unmindful of the spirit of the language employed by the Court of Appeals in People v Copicotto (50 NY2d 222, 226): “The criminal discovery procedure embodied in article 240 * * * evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hands of the adversary until events unfold at trial. Broader pretrial discovery enables the defendant to make a more informed plea decision, minimizes the tactical and often unfair advantage to one side, and increases to some degree the opportunity for an accurate determination of guilt or innocence * * * In short, pretrial discovery * * * contributes substantially to the fair and effective administration of justice.”
However, CPL 240.40 (l)[2] expressly limits an order of discovery by a court to instances where an accusatory instrument is pending. By implication, therefore, the provisions of CPL article 240 do not empower a court to grant any “preindictment” discovery to a prospective target desiring to appear before a Grand Jury investigating the commission of a crime.
*536 BUSINESS RECORDS AND PAPERS IN POSSESSION OF THE PROSECUTOR
Moreover, the discovery sought by the petitioners calling for the review and copying of all books and records heretofore obtained by the Deputy Attorney-General far exceeds even the right of discovery given to a defendant in the preparation for trial. Even in the context of discovery before trial an “open-file” rule has never been adopted by either the Legislature or the courts of this State. In People v Poole (48 NY2d 144, 148), Judge Jasen wrote:
“In effect, defendant asked the court to afford him the right to examine all reports, statements and papers contained in the prosecutor’s file so that he might determine for himself whether any such material was useful to him. This, the trial court properly declined to do.
“To endorse such a position would allow a defendant to embark upon an unrestrained ‘tour of investigation seeking generally useful information’ which this court in Rosario expressly noted was not the purpose of the rule.”
The reasoning of the Court of Appeals in Poole (supra) is certainly no less applicable in the context of a Grand Jury inquiry. (See also, People v Andre W., 44 NY2d 179,184; People v Consolazio, 40 NY2d 446, 453, cert denied 433 US 914.)
Furthermore, while CPL 240.10 (3) expressly defines property to include “books, records, reports, memoranda [and] papers” .^exclusive of attorney’s workjproduct, the request by the petition: ,'ers seeks to effectively obtain total disclosure of the investigatory efforts made by the prosecution to date with respect to any documents which have been obtained by them. Unless Brady material, the disclosure of an entire criminal investigation to the defense in the hope that they would find something to aid them is beyond the scope of CPL 240.20. (See, People v Nelson, 103 Misc 2d 847; People v Johnston, 55 Misc 2d 185; People v Bradford, 54 Misc 2d 54.) As the U. S. Supreme Court has stated: “We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.” (Moore v Illinois, 408 US 786, 795.)
There exists no authority, statutory or otherwise, to support the sweeping disclosure requested herein. Moreover, even if the demand by the petitioners was “specific,” rather than general in nature, the court is still powerlesif/tg'compel production thereof before indictment. . •
*537 Petitioners, however, shall be accorded a reasonable opportunity to review and copy any records which they have furnished to the prosecution during the course of the current Grand Jury investigation prior to any appearance by them before that body.
DISCLOSURE OF THE IDENTITY OF WITNESSES TESTIFYING BEFORE THE GRAND JURY
Petitioners’ request that they be advised of the “names of the witnesses who have testified before the grand jury this [sic] far” is denied. The petitioners offer no authority for this extraordinary relief, nor has the research of the court revealed the existence of any such right.
In Matter of Goldberg v Extraordinary Special Grand Juries (98 Misc 2d 624, 628, mod on other grounds 69 AD2d 1), the court wrote: “The protection of the identity of those persons who appear as witnesses before Grand Juries is the cornerstone of the Grand Jury’s vitality. (See People v Di Napoli, 27 NY2d 229.) Disclosure of the identities of Grand Jury witnesses could easily have a devastating effect upon * * * the trial to follow. So, too, any revelation to the effect that the names of witnesses appearing before the Grand Jury will not be held confidential, would, perforce, have a deleterious effect upon future Grand Jury investigations”.
Petitioners’ argument that the disclosure of the identity of these witnesses is necessary because of the “extremely complicated factual matters” surrounding the Grand Jury’s inquiry, i.e., theft of a computer “code”, is without merit. Such request, in the opinion of this court, merely represents a thinly veiled and covert attempt to gain some insight into the extent and quality of the testimonial evidence already adduced before the Grand Jury by the Deputy Attorney-General. Armed with the knowledge of the names of Grand Jury witnesses, the petitioner would then be in a position to contact such individuals in an effort to obtain disclosure of their individual testimony. (See, CPL 190.25 [4], as to the secrecy of Grand Jury proceedings.) The effect would be to destroy the “long-standing and time-honored traditions of secrecy and confidentiality that cloak all Grand Jury proceedings” (Matter of Goldberg v Extraordinary Special Grand Juries, supra, p 628), thereby severely impairing the ability of the Grand Jury to function properly, and in contravention of the mandate of the State Constitution (NY Const, art I, § 6).[3]
*538 This court simply does not perceive any violation of the petitioners’ right to effective assistance of counsel as contended by the denial of the disclosure of the names of Grand Jury witnesses who have already testified. Petitioners, however, may request the Grand Jury to call any person as a witness in the proceeding in accordance with the provision of CPL 190.50 (6).
PROSECUTION’S OBLIGATION TO DEFINE THE PRECISE NATURE AND SUBSTANCE OF THE CRIMES BEING INVESTIGATED BY A GRAND JURY
Petitioners argue, inter alla, that the refusal of the Attorney-General to reveal the nature and substance of the crimes being investigated by the Grand Jury in advance of their appearance before that body denies each of them the effective assistance of counsel and violates their statutory right to be a witness and to call witnesses. (CPL 190.50 [5].) Nothing within CPL article 190 imposes, an obligation upon the prosecution to disclose the information sought herein. Authority for this proposition, petitioner argues, is found in several lower court opinions.
In People v Suarez (103 Misc 2d 910), the indictment was dismissed since it charged the defendant with more serious offenses than were set forth in the felony complaint and where the prosecutor knew at all times that the more serious charges would be presented to the Grand Jury. Under these particular circumstances, the court held that the prosecution’s failure to notify the defendant as to the nature and scope of the Grand Jury inquiry prejudiced his right to appear as a Grand Jury witness. (Cf. People v Natoli, 112 Misc 2d 1069.) However, unlike the instant case, in both Suarez and Natoli, a felony complaint had been filed prior to the indictment of the defendant. Therefore, specific charges were pending against the defendant at the time of presentation.
In People v Root (87 Misc 2d 482), the court denied a motion to dismiss a de nova indictment where the defendant was denied information from the District Attorney seeking to determine the nature and scope of the Grand Jury’s inquiry. As a result of such denial, the defendant chose not to appear as a witness. The court held that “the defendant was sufficiently apprised of the nature and scope of the Grand Jury’s inquiry to enable him to appear as a witness before it * * * and to do so without deprivation of his right to the effective aid of counsel” (supra, at p 487). In dicta, the court went on to state: “But if this had not been the case, the District Attorney might well have given careful deliberation to the wisdom of apprising the defendant of the statutory and subject areas that were the concern of the Grand Jury inquiry.” (Supra, at p 487.)
*539 Clearly, counsel for the petitioners are generally aware of the nature of the inquiry of the Grand Jury. By letter dated November 21, 1984, counsel for the petitioner corporation outlined his understanding of the purpose of the probe: (1) to determine if a “larceny by withholding” had been committed by petitioner (now the president of petitioner corporation) as a result of having received income from two hospitals simultaneously (the two hospitals are identified by the petitioner as well as the general time frame the crime is alleged to have been committed); (2) to determine if the corporate petitioner committed any crimes by delivering a “computer code” from hospital “X” to hospital “Y”. During oral argument before the court, the prosecution disclosed that this crime(s) is alleged to have occurred during the summer of 1981.
However, because of the novel factual issues which have arisen during this investigation, and because of the complex nature of the petitioners’ business, this court is of the opinion, as was the court in People v Root (supra) that, in the interests of justice and fundamental fairness, the petitioners should formally be apprised of the present scope of the instant investigation, without limiting the right of the Attorney-General to seek indictment for other crimes, should the investigation reveal any, and without disclosing the prosecutor’s present or future theory of prosecution. (See also, People v Martinez, 111 Misc 2d 67, 69.)
Although Virag v Hynes (54 NY2d 437) and Matter of Additional Jan. 1979 Grand Jury v Doe (50 NY2d 14) applied to a Grand Jury witness under subpoena, the principles of law set forth therein are equally applicable to the issues before this court, that is: “ ‘[The] obligation to come forth with evidence before the Grand Jury is not dependent upon a prospective witness or his attorney being informed of the scope of the investigation * * * nor is the special prosecutor required to inform a witness of the Grand Jury’s underlying purpose.’ ” (Virag v Hynes, supra, at p 442.)
Nevertheless, Virag v Hynes (supra) notwithstanding, because the Attorney-General has already gratuitously seen fit to reveal, to a limited extent, the scope of the Grand Jury’s investigation in an informal manner; and to insure that the petitioners have ample opportunity to present their testimony to the Grand Jury with effective assistance of counsel, the Attorney-General shall make available to defense counsel at their office, no later than the close of business on December 14, 1984, a memorandum setting forth the present scope of the Grand Jury’s investigation, with the understanding that this order shall not limit *540 the right of the Attorney-General to make further inquiry into other prospective crimes, if the Grand Jury’s investigation shall reveal any. Furthermore, the petitioners shall have until no later than Friday, December 21, 1984, to appear and testify as witnesses before the Grand Jury. In the event that this shall necessitate an extension of the term of the Grand Jury, this court shall entertain any such application.

. “Discovery: upon court order
“1. Upon motion of a defendant against whom an indictment, superior court information, prosecutor’s information, or information is pending”.

. “§ 6. [Grand jury * * *]
“The power of grand juries * * * to find indictments * * * shall never be suspended or impaired by law.”