THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JAKE SIMMONS, Defendant.

County Court, Monroe County, March 8, 1989

## APPEARANCES OF COUNSEL

*Jonathan W. Feldman* for defendant. *Howard R. Relin, District Attorney (Mary Ann Hyland* of counsel), for plaintiff.

## OPINION OF THE COURT

PATRICIA D. MARKS, J.

The defendant is charged by an indictment with the crimes of attempted murder in the second degree, two counts of robbery in the first degree and one count of robbery in the second degree.

The defendant has moved to dismiss the indictment pursuant to CPL 210.20 (1) (c); 210.35 (4); and 190.50 (5) (c), alleging that the indictment is defective because the Grand Jury notice which he was given failed to apprise counsel of the seriousness of the charges which the Grand Jury could bring against him.

The defendant was charged by a felony information, filed January 10, 1989, with the crimes of assault in the first

degree, two counts; robbery in the first degree, two counts; and grand larceny in the fourth degree, two counts.

On January 23, 1989, the charges were waived to the Grand Jury. Defense counsel received a notice from the District Attorney's office, dated January 24, 1989, that the Monroe County Grand Jury would consider charges of assault in the first degree, two counts; robbery in the first degree, two counts; and grand larceny in the fourth degree, two counts, on February 3, 1989. Defendant was subsequently indicted and arraigned before this court on February 15, 1989.

The defendant's position is that the notice regarding the Grand Jury proceedings constitutes notice of charges that did not include notice of the charge of attempted murder in the second degree.

The issue presented for determination is whether or not the District Attorney's failure to apprise the defendant in a timely manner that the charge of attempted murder in the second degree would be presented to the Grand Jury rendered inadequate the notice of the Grand Jury proceeding. While the District Attorney did not provide the defendant the information that charges of attempted murder in the second degree would be considered, the District Attorney did not deny the defendant the information that he needed to make a decision as to whether to exercise his statutory right. The notice to the Grand Jury incorporated notice of the charge of assault in the first degree. A reading of the elements of assault in the first degree certainly apprised the defendant of the elements and the possibility of a charge of attempted murder in the second degree. Further, the maximum charge contained in the indictment is a class B violent felony. The defendant was notified that the maximum charge, the charges being considered by the Grand Jury was a class B felony, robbery in the first degree.

Therefore, the case is certainly distinguishable from *People v Suarez* (103 Misc 2d 910) and does not present an issue that was previously decided by a court. It is, therefore, the judgment of this court that the motion to dismiss on the grounds stated is denied in all respects.