OPINION OF THE COURT
Lawrence H. Bernstein, J.
An indictment has been filed charging the defendant with *767 attempted murder, assault and criminal use and possession of a firearm. The charges arose out of a confrontation between the defendant and the complaining witness Raymond Medina on October 1, 1988. The indictment also charges the defendant with one count of assault in the second degree and one count of harassment arising out of another confrontation with the same complaining witness two weeks earlier on September 15, 1988.
The defendant now moves, pursuant to CPL 190.50 and 210.35 (4) and (5), to dismiss the entire indictment claiming that before he exercised his right to testify before the Grand Jury he and his counsel were not adequately apprised of the actual nature and scope of the charges to be submitted against him and were thereby unfairly misled in their preparation for testimony and consequently ambushed by the resulting indictment. This court agrees with the defendant’s contentions and the indictment is hereby ordered dismissed with leave to the People to re-present the evidence to another Grand Jury.
As this case presents a situation of first impression, some exploration of its background is necessary.
The defendant was arrested on October 1, 1988 and charged with attempted murder, assault in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree. The charges arose out of an incident occurring shortly before the arrest wherein the defendant was alleged to have shot the complaining witness Raymond Medina in the buttocks. He was arraigned on these charges the next day, indicated his desire to testify before the Grand Jury and was released on his own recognizance.
On November 14, 1988 the case was presented to a Bronx County Grand Jury panel. Raymond Medina, the complaining witness, testified that he had known the defendant for 16 years and that in the early morning hours of October 1, 1988 he had an angry confrontation with him, in front of his apartment building, regarding treatment of a young woman with whom they were alternately romantically involved. On this occasion, Medina testified, the defendant pulled out a gun and shot him in the buttocks as he tried to run away. Medina later testified that on September 15, 1988, two weeks before the shooting incident, he had another angry confrontation with the defendant wherein the defendant struck him on the hand and shoulder blade with a baseball bat causing pain and swelling and warned him before leaving: "I’m going to get a *768 gun and shoot you.” This confrontation also involved their competing affections for the same young woman.
On November 15, 1988 the defendant and his attorney appeared before the Grand Jury. The defendant waived immunity and was invited to present his version of the events of October 1, 1988: "q: Allright Mr. Diaz, I’d like you to remember back to October 1, 1988, around the hours of 3 a.m. to 4 o’clock in the morning, what would you like to tell us about your whereabouts, and what happened on that time and place?” During his testimony no questions were propounded regarding a September 15, 1988 incident nor did he refer to the incident at all in his testimony.
After the completion of all the testimony charges were submitted to the Grand Jury regarding both the September 15, 1988 and October 1, 1988 incidents and an indictment was voted. When the defendant discovered the indictment contained counts relating to a September 15, 1988 incident, he brought the instant motion.
The law is clear that once a criminal defendant is charged in a felony complaint, if he indicates a desire to testify before the Grand Jury he must be apprised of the pendency of such proceedings and afforded an opportunity to testify.
CPL 190.50 (5) (a) and (b) provide in part:
"a person has a right to be a witness in a grand jury proceeding [if] * * *
"(a) * * * such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding * * *
"(b) * * * such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration. ” (Emphasis added.)
Implicit in the statutory guarantees of CPL 190.50 (5) (a) and (b) is that a defendant against whom charges are being submitted to a" Grand Jury is entitled to have "some idea” about the nature and scope of the Grand Jury’s inquiry. (People v Natoli, 112 Misc 2d 1069; People v Martinez, 111 Misc 2d 67; People v Root, 87 Misc 2d 482.) This will presumably aid him in making an informed decision as to whether or not to testify, the subject of his testimony, and is consistent with his constitutional right to the effective assistance of counsel. (See, People v Suarez, 103 Misc 2d 910.) Cases have *769 held that this does not mean that a defendant must be advised of each and every potential charge relating to the alleged criminal transaction which is the subject of the complaint (see, People v Scott, 141 Misc 2d 623; People v Fletcher, 140 Misc 2d 389; cf., People v Suarez, supra), but it should certainly mean that he must be advised as to what criminal transaction will be the focus of the inquiry.
By presenting evidence regarding a totally distinct and separate criminal transaction while not effectively informing the defendant of her intention to do so, the District Attorney has, in effect, failed to comply with CPL 190.50’s requirements as to those charges and the counts are dismissable for that reason alone. What renders the entire indictment dismissable is that by presenting the evidence in this fashion the District Attorney may have unduly prejudiced the Grand Jury against the defendant. A court cannot, from an inspection of Grand Jury minutes, assess what effect this may have had on the minds of the grand jurors, but can certainly assess the over-all fairness of the presentation. That "over-all fairness” was lacking in this case.
The District Attorney’s recollection, as stated in her affirmation, is that she "informally told [defense counsel] that the complaining witness had gotten into a fight with the defendant two weeks before the shooting * * * [and] * * * that incident would be brought out in the grand jury * * * [and] that the case involved a series of past relationships, broken marriages, old friendships and romantic liaisons.” This information, even if accurately recalled, is still too vague and imprecise to serve as adequate notice of a discrete criminal transaction which would be explored by the Grand Jury. More probable is defense counsel’s recollection of not having been apprised of the prior assault as a focus of the Grand Jury presentation. It would strain reason to believe that an experienced and adequately apprised defense attorney would extensively prepare and permit a client to testify before the Grand Jury regarding the October 1, 1988 incident yet would purposely avoid dealing with a two-week-old prior assault with a baseball bat which contained a threat to "get a gun and shoot you”. A threat which specifically foreshadowed the October 1, 1988 incident. This court cannot believe that this was a purposeful stratagem employed by the defense in this case.
The People’s reliance on People v Root (87 Misc 2d 482, supra) is misplaced. In Root the court held that the District Attorney’s refusal to apprise the defendant of the nature and *770 scope of a Grand Jury investigation into his conduct did not deprive him of the effective assistance of counsel when he was already sufficiently apprised by rumors and conversations held in the course of his activities as an attorney in the courts. Root differs significantly from this case. Root’s Grand Jury was an investigative one. A felony complaint charging specific acts had not yet been filed. As the People pointed out in Root, the notice requirements of CPL 190.50 are less stringent in such a situation. Root constructively knew what the Grand Jury investigation was about. Here, the defendant only knew half of what it was about. Furthermore, although the court in Root declined to dismiss the indictment, in lengthy dicta he took pains to criticize the conduct of the District Attorney and suggested that in fairness he "might well have given careful deliberation to the wisdom of apprising the defendant of the statutory and subject areas that were the concern of the Grand Jury inquiry.” (People v Root, supra, at 487.)
In the instant matter, it is clear that the integrity of the Grand Jury proceeding would not have been impaired if the defendant had adequate notice that the People sought to present evidence against him and possibly seek an indictment for the alleged acts of September 15, 1988 as well as for the acts charged in the felony complaint. He would have been better able to intelligently decide whether or not to testify and how to testify. Since he was not effectively accorded the statutory notice that he was entitled to the indictment is ordered dismissed.
The People are authorized to resubmit the evidence and charges to another Grand Jury.