OPINION OF THE COURT
Arthur J. Cooperman, J.
This case addresses the issue of the adequacy and timeliness of CPL 190.50 notice when a matter presented to the Grand Jury is expanded to consider evidence of an additional complainant and other incidents.
Defendant was indicted for the crimes of assault in the second degree (three counts), endangering the welfare of a child (two counts) and criminal possession of a weapon in the fourth degree. The indictment charges defendant with physically abusing his son and daughter in the home in which they all resided. One count of endangering the welfare of a child in which the daughter is the complainant was dismissed at Supreme Court arraignment.
This motion to dismiss the indictment pursuant to CPL 210.20 (1) (c); 210.35 (4) and 190.50 alleges that the notice of Grand Jury presentment served on defendant was defective and, therefore, denied him the right to testify before the Grand Jury. The People oppose the motion.
Defendant was arrested on June 5, 1993 for an incident involving his daughter that had occurred three days previously. At criminal court arraignment, defendant was given notice pursuant to CPL 190.50 that that matter was to be presented to the Grand Jury. Defendant served written notice of his intent to testify. A temporary order of protection was issued ordering him to stay away from the home of that complainant.
After several adjournments of the presentation, the matter was on the calendar in Part AP6 on June 28, 1993. An in camera inspection of the Grand Jury minutes reveals that on *481 June 25, 1993 defendant’s son had testified in the Grand Jury concerning the incident involving his sister and other incidents involving himself. Since the daughter had been found to be a special witness pursuant to CPL 190.32 her testimony was videotaped. On June 28, 1993, the presentation continued with the videotape. However, no new CPL 190.50 notice was served with respect to the additional complainant (the son). At that time defendant’s attorney informed the prosecutor that defendant would not testify in the Grand Jury. The matter was then adjourned for two months for the filing of the indictment.
When defendant’s attorney returned to her office on June 28 she received, by facsimile transmission, a notice (date/time stamped June 28, 1993 at 12:48 p.m.) that the presentment included incidents in which the son was the complainant.
Defendant had already left the courthouse. Upon the issuance of the order of protection he was no longer allowed at the family home. His attorney was unable to contact him that day.
Counsel for defendant requested that the presentation be held open until the adjourned court date so that she could confer with her client. The Assistant District Attorney agreed to hold open the presentation. However, in view of the impending closing of the Grand Jury term, a vote would have to be taken at some point. Defendant’s attorney was unable to contact her client before the end of the term.
When defendant next appeared in court on August 30, 1993, the indictment had been voted and the matter was put on the calendar for arraignment.
Defendant was arraigned on the indictment.
This motion to dismiss followed.
No issues of fact are presented.
The People argue, citing People v Ferrara (99 AD2d 257), that notice was sufficient. Since the matter was kept open before the Grand Jury until July 14, 1993, it is urged that defendant had the opportunity to exercise his right to testify.
Defendant argues that since the felony complaint and the original CPL 190.50 notice did not refer to the changes regarding the incidents involving the son, he was not fully apprised of the nature and scope of the Grand Jury proceeding. He alleges that he was denied the opportunity to make an informed decision whether he should exercise his right to testify in the Grand Jury before the presentment was concluded.
*482 CPL 190.50 (5) (a) requires notice of presentation to a Grand Jury after defendant’s arraignment when there is a pending felony complaint. The People must give notice of the approximate nature and scope of the prospective proceeding to allow defendant to effectively avail himself of counsel (People v Diaz, 144 Misc 2d 766; People v Martinez, 111 Misc 2d 67). The statute does not restrict the charges to be considered by the Grand Jury to those specified at the commencement of the presentation (CPL 190.65 [2]).
In this matter, the Grand Jury considered evidence of defendant’s participation in the matter charged in the criminal court complaint involving the daughter and other incidents involving a second complainant (the son). The Grand Jury indicted defendant for crimes in which each child separately was a complainant.
It has been held that failure to give notice of presentation of additional incidents pursuant to CPL 190.50 renders the indictment defective (People v Hall, 150 Misc 2d 551; People v Diaz, 144 Misc 2d 766, supra).
The Assistant District Attorney was aware three days before the matter was on the calendar in Part AP6 that other incidents involving another complainant had already been presented. No notice was served on June 25.
Moreover, on June 28 when the matter was on the calendar in Part AP6, notice was not served on defendant and his attorney when both were present in court!
The extension of the Grand Jury proceeding was necessitated by the failure of the People to advise defendant of the additional complainant and incidents. While a time limitation was necessarily imposed by the ending of the Grand Jury term, the failure of defendant to comply with it was not of his doing.
The People’s reliance upon the holding in People v Ferrara (supra) is not well placed. In that case, two weeks was held to be a sufficient time period in which to keep open a Grand Jury presentation to allow defendant to testify. The extension of time there was an accommodation to defendant whose attorney was engaged in another court.
Here, the holding open of the Grand Jury proceeding actually served to benefit the District Attorney’s office which unexplainedly neglected to give notice when it reasonably could have done so without prejudice to defendant.
It has been held, in matters of this nature, that if literal *483 adherence to the statute "operates to deprive the defendant of the very right its provisions were intended to secure”, the court is not foreclosed "from inquiring into whether, under the circumstances presented, the notice actually given comports with that which the framers of the statute sought to provide” (People v Jordan, 153 AD2d 263, 268).
Although the fact pattern in Jordan (supra) differed from this case, the thrust of the holding is no less applicable. The notice here, albeit egregiously delayed, was served on defendant’s attorney while the Grand Jury proceeding was pending. Yet, it was not "meaningful” notice considering the circumstances of this case (People v Jordan, supra). "Courts which have considered the nature of the District Attorney’s obligation pursuant to CPL 190.50 (5) have concluded that the statute contemplates the provision of 'actual’, rather than technical, notice to the defendant (see, People v Davis, 133 Misc 2d 1031; People v Martinez, 111 Misc 2d 67, 69; People v Suarez, 103 Misc 2d 910, 913; People v Rakity, 77 Misc 2d 324, 327; cf., People v Helm, 51 NY2d 853, 854-855; People v Scott, 141 Misc 2d 623, 624; People v Singh, 131 Misc 2d 1094, 1096). It is clear that, at the very least, the notice provided by the People must be reasonably calculated to apprise the defendant of the Grand Jury proceeding so as to permit him to exercise his right to testify. Of course, '[t]he concept of reasonableness is not a stagnant one and must be applied to the particular facts of any given case’ (see, People v Taylor, 142 Misc 2d 349, 351, supra; cf., People v Bey-Allah, 132 AD2d 76, 78). It is well settled, moreover, that the District Attorney in dealing with the Grand Jury 'owes a duty of fair dealing to the accused’ (People v Pelchat, 62 NY2d 97, 105; see also, People v Lancaster, 69 NY2d 20, 26), and that the courts, by virtue of the Grand Jury’s role as 'an "arm of the court” ’ (People v Ianniello, 21 NY2d 418, 424, cert denied 393 US 827; CPL 190.05; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.05, at 185), similarly maintain an obligation to ensure fairness in Grand Jury submissions (see, People v Pelchat, supra; People v Russo, 128 Misc 2d 876, 880; People v Monroe, 125 Misc 2d 550, 551; People v Davis, 119 Misc 2d 1013, 1019; People v Lazar, 51 Misc 2d 233, 237-238).” (People v Jordan, supra, at 266-267.)
By their conduct, the People frustrated the remedial objectives of CPL 190.50. Accordingly, those counts of the indictment in which defendant’s son is the complainant should be dismissed.
*484 Consideration must be given to the question whether the entire indictment, or only those counts in which the son is the complainant, should be dismissed.
Some courts have held that presentment of unnoticed charges may prejudice the Grand Jury proceeding and have, therefore, dismissed the entire indictment (People v Hall, supra; People v Diaz, supra). An in camera review of the transcript of the Grand Jury proceeding in this case reveals that the daughter’s narrative of the incidents involving her referred to incidents involving her brother. However, evidence of the other incidents serves to explain the circumstances of the alleged assault upon her. Therefore, this court finds that the evidence adduced before the Grand Jury was properly admissible in explaining the circumstances of the incident for which notice of Grand Jury presentment originally was given. Additionally, the over-all presentment was not so prejudicial under these facts as to vitiate the integrity of the Grand Jury proceeding.
In any event, CPL 210.35 authorizes the dismissal of an "indictment or any count thereof.”
Accordingly, defendant’s motion to dismiss is granted with respect to counts one, two and five of the indictment with leave to resubmit to another Grand Jury.