OPINION OF THE COURT
John J. Fromer, J.
The defendant, while a prisoner at the Coxsackie Correctional Facility, was allegedly involved in an assault upon another inmate. After the incident he was questioned by a State Policeman called to the institution by correction officials. The police, while at the institution, arranged to photograph and fingerprint the defendant and filed an “arrest report” with the Division of State Police. The fingerprint card was sent in and that resulted in an “arrest” being entered on the New York State Criminal Identification Records as of the date of the “arrest report” as is shown by the computer printout from the Division of Criminal Justice Services on defendant’s record.
No felony complaint was filed with the local criminal court and no proceedings were had in the local courts. The next formal proceeding was the presentment to the Grand Jury followed by the indictment. The People gave no notice *237 to the defendant of the proposed presentment and the defendant had no opportunity to testify before the Grand Jury.
The defendant now moves to dismiss the indictment claiming his rights were violated in that the People were required to give him notice of the proposed presentment (CPL 190.50, subd 5, par [a]). The People respond that since there was no currently undisposed of felony complaint pending in the local criminal court that CPL 190.50 (subd 5, par [a]) did not require that the defendant be given any notice of the presentation of the case to the Grand Jury. The police testified that this procedure is not a uniquely local procedure but was utilized in other areas in prosecuting prison cases.
Because the motion presented factual issues and related to a procedure having implications beyond the immediate case, the court ordered a fact-finding hearing to investigate the procedure being used by the People in the preparation and presentment of such prison cases.
The State Police testified that they did not file any felony complaint in the local court in such cases because it was standing policy to present such matters directly to the Grand Jury and avoid local court proceedings. In a companion case of People v Laboy held the same day however, the police went to the institution and investigated but did not talk to the defendant, nor photograph, nor print him. In that case, as here, the case was presented to the Grand Jury. Such policy was followed when a defendant was not “at liberty” (CPL 140.05) and would not be at liberty before the probable indictment and thus no “arrest” was required to retain custody of the defendant to answer the new and unrelated charges. What the police did when notified that a prisoner had committed a crime in the prison, was to go to the prison and investigate the incident. No statements were requested of the defendant and no rights were read to the defendant. Only statements of other witnesses were taken and the defendant was photographed and fingerprinted. The information developed was reduced to an “arrest report” which was supplied to the District Attorney and the Division of State Police. The defendant’s fingerprints were sent to the State Division of Criminal Justice *238 Services and that agency entered the “arrest” of defendant on its computer which provided the police with an up-to-date NYSIS report showing this arrest and any other record of the defendant. The police state that they sent in the fingerprint card to get an up-to-date NYSIS report. There is no justification for this position. There is such a report in his records at the time of commitment to the State Department of Correction and it has been in their custody ever since. Such records are with defendant at the prison in which he is incarcerated and would be available to the police in the investigation of the incident. The fingerprint report is required if defendant was arrested (CPL 140.20) but no other legal requirement for such filing would be apparent.
CPL 140.20 says if a defendant is “arrested” then he must be processed and arraigned without unnecessary delay. This has a clear reason because many of the defendant’s rights start with arraignment. He is informed of the charges against him and he gets a lawyer (CPL 180.10). His speedy trial time starts. A possible right to a preliminary hearing arises and a right to notice of any presentment to a Grand Jury vests. (CPL 190.50, subd 5, par [a].)
By the mere listing of the procedural effects which depend on filing of the felony complaint in the local court, it is clear that failure to do so affects substantial rights of a criminal defendant. While the clear statutory language does not require immediate filing of the felony information without unnecessary delay unless the defendant is arrested, clearly the failure to do so when the defendant is not at liberty has very significant effect upon his ability to defend himself.
A review of the cases indicates that generally speaking, the People can decide when their investigation has developed sufficient proof to proceed to an arrest. The only limit on that authority is the Statute of Limitations. However, if the People do affirmative acts during the course of their investigation which intentionally prejudice the defendant’s preparation of his defense, then such actions can raise to constitutional dimensions and can bar further prosecution of the defendant. (United States v Henry, 417 *239 F2d 267, cert den 397 US 953; People v Einhorn, 75 Misc 2d 183.)
In this case the People by their normal procedure in handling prison crimes have acted to avoid the strictures that are invoked if a felony complaint is filed in the local court. They do not “arrest” the prisoner because he is not “at liberty” but they do photograph him and fingerprint him just as they would a defendant who had been arrested and arraigned in the local court. They do not seek to obtain statements from these defendants since they are jail-wise and will not talk to a policeman anyway. Since they do not seek to obtain a statement from the defendant they do not advise him of his constitutional rights or of the proposed charges against him.
Clearly the procedure used in this case impaired the defendant in the preparation of his defense and violated the Fifth Amendment of the United States Constitution which guarantees him of due process of law. The lack of literal violation of State statutes is overcome by the constitutional dimension of the case. The People did more than merely investigate before presentment to the Grand Jury, as they did in the Laboy case (supra). They photographed and fingerprinted the defendant. They filed an arrest report. They filed the fingerprint record with the Division of Criminal Justice Services stating that the defendant was arrested and caused a computer entry that is a public record to be generated.
If the delay does not violate the Statute of Limitations, but it does actually prejudice the defendant in presenting his defense, then the delay can acquire constitutional dimensions. (United States v Henry, 417 F2d 267, cert den 397 US 953, supra; People v Einhorn, 75 Misc 2d 183, supra.)
It seems to this court that while the above case law does not precisely cover this case because no “arrest” was involved, that the same legal principle should be invoked. If the People by electing not to file a felony complaint in the local criminal court but to await presentment to Grand Jury have in any way substantially denied defendant of an opportunity to prepare and present material in his defense *240 then, although the People’s conduct may not violate the letter of the State’s Criminal Procedure Law, it does acquire constitutional dimensions and deprives the defendant of due process of the law in violation of the Fifth Amendment of the United States Constitution. In this case the People did more than merely investigate to obtain information for the Grand Jury. The People took steps to start proceedings outside of police investigation. They photographed and printed the defendant and filed the print record with the State Division of Criminal Justice Services making defendant’s “arrest” a matter of public record.
The justice of the situation calls for dismissal of the indictment with leave to the People to re-present upon notice to the defendant. It may well be that this will prove to be an exercise in futility because the defendant may decide not to testify. The police will be put on notice of the need for correcting their procedure. Under the circumstances of this and similar cases, to require the People to re-present is frequently a waste of taxpayers’ money and a formality. Therefore, this court grants defendant’s motion, with leave to re-present on condition that the defendant, within 10 days of receipt of this decision, indicates to the People in writing that he desires to appear before the Grand Jury. If he does not so indicate in writing within the time specified, then the defendant’s motion to dismiss is denied.
The People are admonished that the procedure presently being used should be altered in the future. The defendant can be photographed and fingerprinted as part of the investigation to establish identity, but the prints should not be sent to the Division for Criminal Justice Services until a criminal proceeding is commenced by the filing of a felony complaint or the return of an indictment. In addition, the report now entitled “arrest report” should be altered in this type of case to indicate that, in fact, no arrest was intended nor did any arrest occur: If such affirmative action is not taken in future prison cases, then the courts will have to strike down the resulting indictments and require commencing the criminal proceedings *241 anew regardless of the economic costs to the taxpayers of the community.