OPINION OF THE COURT
Eugene P. Bambrick, J.
This is a motion by the defendant to dismiss the indictment herein, pursuant to CPL 210.20 (1) (c); 210.35 (4); and 190.50 (5) (c), alleging that the subject indictment is defective because the Grand Jury notice which he was given failed to accurately apprise his counsel of the more serious charges which the Grand Jury could potentially bring against him.
*390 On April 16, 1988, the defendant was arrested for a crime which allegedly took place on April 15, 1988, 8:00 p.m., at 46-44 Vernon Boulevard, Queens County.
In the felony complaint, dated April 16, 1988, Police Officer Eva Pazan deposed that she was informed by Karen Kutny that the defendant struck her on the face while holding a ceramic cup in his hand, and that said cup broke as it struck her face, causing her to suffer lacerations and substantial pain to her face, for which she received about 60 stitches at Elmhurst General Hospital. Said felony complaint indicated that the defendant committed the offense of Penal Law § 120.05 (2) — assault in the second degree, and that this constituted a violent felony offense, pursuant to section 70.02 of the Penal Law.
On April 17, 1988, in Part AR-4, the defendant was arraigned before Judge Joseph M. Lane, upon the aforementioned felony complaint. At said arraignment, the People served notice pursuant to CPL 190.50 (5) (a) of pending Grand Jury action concerning the alleged crimes depicted in the felony complaint. The defendant served the People, at said arraignment, with a written request to testify before the Grand Jury.
The People afforded the defendant the opportunity to testify before the Grand Jury on April 22, 1988, but after consulting with counsel, the defendant decided not to testify.
On April 22, 1988, the Grand Jury returned indictment No. 2599/88 charging the defendant with the following crimes: assault in the first degree (Penal Law § 120.10 [1]); assault in the first degree (Penal Law § 120.10 [2]); assault in the second degree (Penal Law § 120.05 [1]); and criminal possession of a weapon in the fourth degree.
The defendant was arraigned in Part AA-1, before Judge Anthony Savarese on May 24, 1988.
This motion, dated May 26, 1988, by the defendant to dismiss the indictment is based upon the precedent of People v Suarez (103 Misc 2d 910), arguing that the District Attorney’s failure to apprise the defendant, in a timely manner, that the more serious crimes of assault in the first degree would be presented to the Grand Jury, rendered inadequate the notice of the Grand Jury proceeding served, which only referred to the charge contained in the felony complaint, to wit, assault in the second degree. The defendant maintains that since the Grand Jury notice failed to mention assault in the first *391 degree, the defendant had no notice of the gravity of the charges, and might have elected to testify before the Grand Jury had he known of such aggravated charges.
Under the circumstances of this case, the court finds defendant’s argument to be without merit.
CPL 190.50 (5) (a) in pertinent part reads as follows:
"Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision:
"(a) * * * The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”.
The court notes the language of the statute which refers to a "currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding.” (Emphasis added.) The statute does not read "charging an offense which is the subject of the prospective or pending Grand Jury proceeding.”
As stated in People v Natoli (112 Misc 2d 1069, 1071): "The few cases interpreting CPL 190.50 (subd [5], par [a]) hold that the District Attorney’s papers must at least give the defendant some idea of the ' " 'nature and scope of the Grand Jury’s inquiry’ ” ’ so as to enable him to appear meaningfully as a witness and, if necessary, secure the effective aid of counsel” (People v Martinez, 111 Misc 2d 67 [Sup Ct, Queens County 1981]; People v Root, 87 Misc 2d 482 [Sup Ct, Bronx County 1976]).
It is the opinion of this court that the felony complaint, dated April 16, 1988, gave the defendant "some idea 'of the nature and scope of the Grand Jury’s inquiry’ ” (People v Martinez, supra, 111 Misc 2d, at 69). Defendant, with the advice of counsel, chose not to exercise his statutory right to testify. "Unsuccessful strategy decisions do not spell out ineffective assistance” (People v Natoli, supra, 112 Misc 2d, at 1071-1072).
*392 This court finds no prejudice or ineffective assistance of counsel in this case where the underlying criminal action was clearly set forth in the felony complaint, and the defendant should have been aware of the fact that the "nature and scope of the Grand Jury’s inquiry” could lead to less or more serious charges, or perhaps to no indictment at all. In other words, this court holds that the felony complaint filed herein was sufficient to inform the defendant of the nature and scope of the Grand Jury inquiry.
Accordingly, defendant’s motion to dismiss the indictment is denied.
Defendant’s motion to reserve rights to make further motions is granted to the extent permissible under the CPL.