OPINION OF THE COURT
Joseph S. Calabretta, J.
Defendant moves this court for dismissal of the instant indictment pursuant to CPL 210.20 (1) (c); 210.35 (4) and 190.50 (5) (c) and for reservation of her rights to make further motions.
On July 2, 1988, defendant was arraigned in Criminal Court upon a felony complaint charging her with vehicular assault *624 in the second degree; reckless endangerment in the second degree; criminal possession of stolen property in the third degree and unauthorized use of a vehicle in the third degree.
At said arraignment, the People served notice pursuant to CPL 190.50 that they intended to present this matter to the Grand Jury. The defendant then served upon the People written notice of her intention to testify before the Grand Jury.
On July 7, 1988, the matter was presented to the Grand Jury. Believing that the only charges presented the Grand Jury would be those contained in the felony complaint, defendant chose not to appear and testify. Subsequently, the Grand Jury indicted the defendant for attempted murder in the second degree, assault in the first degree (two counts), leaving the scene of an accident without reporting, reckless endangerment in the first degree, unauthorized use of a vehicle in the third degree, criminal possession of stolen property in the third degree, and endangering the welfare of a child.
Defendant now argues that the indictment should be dismissed on the grounds that she was not apprised that the indictment would result in more serious charges, thereby rendering the notice she received ineffective. Defendant relies on People v Suarez (103 Misc 2d 910), wherein the court dismissed the indictment where defendant was charged with an armed felony offense when the original charges in the felony complaint did not contain any armed felony offenses. However, such is not the case here. Moreover, the court does not agree with the reasoning in Suarez (supra) that, although the term "armed felony” must be included in an accusatory instrument containing such offense, a fortiori, the People must give advance notice that such a charge will be the subject of a Grand Jury proceeding.
In the case at bar the defendant certainly knew the nature of the charges to be presented to the Grand Jury, if not the specific charges that were, in fact, presented. Clearly, the Grand Jury is not limited in its power to indict (see, CPL 190.65 [2]) nor must the District Attorney list every charge on its CPL 190.50 notice. The "actual” notice referred to in Suarez (supra) was not intended by the Legislature to mean "specific” charges actually presented.
CPL 190.50 (5) (a) reads, in part, as follows:
"Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a *625 witness in a grand jury proceeding under circumstances prescribed in this subdivision: * * *
"The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”. (Emphasis added.)
It is noted that the above-cited statute refers to "an offense” not "every” offense which is a subject of the prospective or pending Grand Jury proceeding.
In fact, CPL 190.50 (5) (a) only requires written notice of a defendant’s request to exercise his or her right to appear before a Grand Jury. The People’s notice can be orally given (People v Phillips, 88 AD2d 672) and thus it could not be expected that the People itemize, in advance, at a criminal court arraignment, every conceivable charge that will be presented to a Grand Jury for deliberation. (See, Heymann, The Defendant As a Witness In the Grand Jury: An Overview, LI [No. 8], Queens B Bull 14 [June 1988].)
While the court agrees with the People that dismissal of the indictment is not warranted here, the court finds that the People’s reliance on People v Green (110 AD2d 1035) is misplaced. In Green (supra) the defendant’s felony complaint was disposed of by means of a preliminary hearing which resulted in the matter being held for the action of the Grand Jury. In such situations, the CPL 190.50 notice becomes irrelevant and, therefore, the court held that the defendant was not entitled to such notice.
It is the opinion of the court that this defendant was aware of the seriousness of the charges pending against her prior to indictment and could have anticipated that more serious charges might have been contemplated by a Grand Jury. The court believes that CPL 190.50 should not be used as a mechanism to rectify errors in defense strategy, especially, where, as here, there was no change in theory of the People’s case.
*626 Accordingly, the first branch of the motion to dismiss the indictment is denied.
The second branch of the motion for reservation of rights to make further motions is granted to the extent indicated in CPL 255.20.