OPINION OF THE COURT
Thomas A. Demakos, J.
The defendant moves for dismissal of the indictment upon the grounds that he was denied the opportunity to exercise his right to appear and testify before the Grand Jury pursuant to CPL 210.20 (1) (c); 210.35 (4) and 190.50 (5) (c).
Initially, the defendant was arrested on September 22, 1990, and charged under two dockets: Criminal Court complaint No. 90Q032701 for an incident which occurred on July 6, 1990 and *552 Criminal Court No. 90Q032702 for an incident which occurred on September 15, 1990. When the defendant was arraigned on these felony complaints on September 22, 1990, he served written notice of his intent to testify before the Grand Jury. On September 27, 1990 the two cases were reduced to misdemeanors and adjourned to the Criminal Court. Thereafter, the cases were adjourned at the prosecutor’s request for corroborating affidavits to October 22, 1990 and then to November 1, 1990. Notice of the Grand Jury presentment was served on the defendant during this period and he and his attorney agreed that it was in his best interest not to testify before the Grand Jury. Thereafter, on November 28, 1990, the prosecutor submitted these two cases to the Grand Jury. However, at this time, the prosecutor also submitted two additional cases for which the defendant had never been given notice as to either the pending criminal charges or the possible Grand Jury action, i.e., a July 4th incident charging robbery in the first degree and a July 5th incident charging robbery in the third degree.
The defendant now argues that had he known that evidence as to all four incidents was to be presented to the Grand Jury, he may have elected to testify and that the prosecutor’s failure to so notify him, in essence, denied him of his right to testify before the Grand Jury.
A defendant’s right to testify before the Grand Jury is clearly set forth in CPL 190.50 (5) (a), which provides, in pertinent part, that "[w]hen a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request”. Implicit in the statutory guarantees of CPL 190.50 (5) (a) and (b) is that a defendant against whom charges are being submitted is entitled to have "some idea” about the nature and scope of the Grand Jury’s inquiry (People v Diaz, 144 Misc 2d 766; People v Natoli, 112 Misc 2d 1069; People v Martinez, 111 Misc 2d 67). This will presumably aid him in making an informed decision as to whether or not to testify, the subject of his testimony, and is consistent with his constitutional right to effective assistance of counsel. (See, People v Suarez, 103 Misc 2d 910.)
There can be little question that the framers of this statutory section regarded the defendant’s "absolute” right to testify *553 before the Grand Jury (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.50, at 278) as a significant one, inasmuch as the District Attorney’s failure to provide notice to a defendant who requests permission to testify, mandates dismissal of the indictment. (See, CPL 190.50 [5] [c]; 210.20 [1] [c]; 210.35 [4]; see also, People v Oquendo, 172 AD2d 566; People v Jordan, 153 AD2d 263.) Moreover, it is well settled that the District Attorney in dealing with the Grand Jury "owes a duty of fair dealing to the accused” (People v Pelchat, 62 NY2d 97, 105; see also, People v Lancaster, 69 NY2d 20) and that the court, by virtue of the Grand Jury’s role as "an 'arm of the court’ ” (People v Ianniello, 21 NY2d 418, 424, cert denied 393 US 827), similarly maintains an obligation to insure fairness in Grand Jury submission (People v Pelchat, supra).
In this case, the People informed the defendant that evidence of two criminal transactions, to wit: the incident of September 22, 1990 and the incident of July 6, 1990, would be presented to the Grand Jury. Based upon that knowledge, the defendant made what he considered to be an informed decision not to testify before the Grand Jury. However, the District Attorney, by then including evidence of two totally distinct and separate criminal transactions without informing the defendant of his intention to do so, in effect failed to comply with the requirements and spirit of CPL 190.50. This presentment may have resulted in undue prejudice against the defendant (People v Diaz, supra). Moreover a reviewing court cannot, from the inspection of the Grand Jury minutes, assess what effect this presentment may have had on the minds of the grand jurors, but can certainly assess the over-all fairness in such a presentation. (People v Diaz, supra.) This court finds a lack of "over-all fairness” in this case.
Although the Criminal Procedure Law is clear that when a defendant is not charged in a felony complaint, the District Attorney is not obligated to inform him that a Grand Jury presentment is occurring, or about to occur (CPL 190.50 [5] [a]), the District Attorney’s presentment of two such uncharged crimes along with two charged crimes has now resulted in vitiating the integrity of this entire Grand Jury proceeding. Accordingly, indictment No. 5800-90 is dismissed in its entirety. The People, however, are granted leave to resubmit the evidence and charges to a new Grand Jury.