OPINION OF THE COURT
Paño Z. Patsalos, J.
The defendant is charged in this indictment with the crimes of rape in the first degree, two counts of criminal possession of a weapon in the third degree, two counts of criminal posses *597 sion of a weapon in the fourth degree and attempted assault in the second degree. The first, second and third counts of the indictment are alleged to have occurred on December 25, 1991, the fourth and fifth counts on and between December 4 and December 18, 1991 and the sixth count on December 29, 1991.
Defendant was arrested on December 28, 1991 and charged in the lower court, upon an undated information complaint, with the crime of rape in the first degree, in violation of the provisions of section 130.35 (1) of the Penal Law, alleged to have occurred on December 25, 1991. The defendant was apparently duly arraigned and a preliminary hearing date was established by the local criminal court for January 2, 1992. The defendant and his attorney were personally given written notification that a Grand Jury presentment was scheduled for January 2, 1992, at which time that body would consider rape in the first degree, criminal possession of a weapon in the third degree and assault in the second degree. Defendant and his attorney met to discuss such notification. Thereafter, the attorney notified the District Attorney that the defendant desired to testify before the Grand Jury, requested an adjournment of such presentation and the defendant consented to adjourn the preliminary hearing until January 17, 1992. The Grand Jury presentation was adjourned until January 7, 1992 with defendant and any of his witnesses to testify on January 9, 1992.
Following investigations on behalf of the defendant and after further discussions with the defendant, his attorney informed the District Attorney that the defendant would not present any witnesses and he waived his right to testify before such Grand Jury. The Grand Jury, thereafter, voted to indict the defendant on the six counts above set forth. He was duly arraigned in County Court and entered a plea of not guilty.
The defendant made a timely motion to dismiss the indictment pursuant to CPL 210.20 and 190.50, contending it is defective, on the ground that the only notice he received to testify before the Grand Jury was with reference to the events which occurred on December 25, 1991. Defendant further argues that he had no knowledge that the Grand Jury would consider charges unrelated to the events of December 25, 1991 which occurred on dates other than December 25, 1991.
Defendant does not argue that he was deprived of his right to testify before the Grand Jury, but apparently argues that *598 by not being fully apprised of the charges to be presented to the Grand Jury, together with the dates the alleged acts occurred, he was thus prevented from making a reasoned judgment to appear before such Grand Jury.
The District Attorney argues that he gave timely and proper notice to the defendant and his attorney that a Grand Jury presentation was scheduled relative to the undisposed of felony complaint. The District Attorney further argues that neither the statute nor case law places any burden upon the prosecution to give any notice to the defendant if he was not arraigned in a local criminal court upon an undisposed of felony complaint. In support of his position he properly cites subdivision (5) (a) of CPL 190.50 which in pertinent part reads as follows:
"5. Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision:
"(a) * * * The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is the subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding”.
This subdivision clearly places a duty upon the District Attorney to give notice to a defendant who was arraigned in a local criminal court upon an undisposed of felony complaint. However, the statute does not with equal clarity relieve the District Attorney from giving notice to a person who is the subject of a de nova presentation to the Grand Jury. This section states that the District Attorney is not "obliged” to inform such person, i.e., not duty bound, not compelled, not required to give such a person notification of a Grand Jury presentation. It is thus within the discretion of the District Attorney to inform or not to inform such a person of the de nova presentation.
CPL 190.50 (5) (a) affirmatively directs the District Attorney to notify a defendant of a pending felony presentation to a Grand Jury and equivocally relieves him from giving the same notification to a person not charged in a local criminal court. *599 The statute does not give any direction when the defendant and the person are one and the same. However, some assistance is found in subdivision (5) (b) which permits a person who is the subject of a Grand Jury presentation to testify and "give any relevant and competent evidence concerning the case under consideration” (emphasis added). It would appear that the emphasized language would include all charges being presented to the Grand Jury.
The issue thus before this court regarding Grand Jury notification to this defendant may be stated as follows: Must the notice only refer to the "undisposed of felony complaint” or must it also refer to de nova charges to be presented together with the "undisposed of felony complaint” charges.
The parties have made reference in their moving and opposing papers to certain trial court cases that have, to some degree, addressed the issue before this court or a tangential issue. (People v Suarez, 103 Misc 2d 910; People v Martinez, 111 Misc 2d 67; People v Smiley, 111 Misc 2d 236; People v Natoli, 112 Misc 2d 1069; People v Scott, 141 Misc 2d 623; People v Diaz, 144 Misc 2d 766; People v Hall, 150 Misc 2d 551.) Neither party has submitted, nor has independent research revealed, any appellate level case which has squarely addressed the content of the notice to be given defendant, its adequacy, or, what reference is to be made, in fairness, to matters to be presented to the Grand Jury concerning a particular defendant.
In making reference to the duty of the District Attorney to serve notice pursuant to the statute, the previously referred to trial court cases have stated the defendant must have some idea "of the nature and scope of the Grand Jury’s inquiry,” and "that the District Attorney must act in good faith.” The conduct of the District Attorney in presenting cases to a Grand Jury as discussed in those cases and the language of the statute permitting the witness to testify "concerning the case under consideration” (CPL 190.50 [5] [b]) clearly indicates that the defendant should know the nature of the charges being presented in order that he may make a reasoned determination if he should testify.
The Court of Appeals in a trilogy of cases decided on May 7, 1992, cited as People v Evans (79 NY2d 407), reviewed CPL 190.50 and particularly subdivision (5) as it relates to a defendant being afforded the opportunity to testify after the Grand Jury has voted to indict him. Although these cases do *600 not address the exact issue before this court, the Court of Appeals observed that since the Grand Jury’s consideration of a case is an ex parte presentation by the prosecution, it must be undertaken with fairness to the defendant and candor to the court.
Under the circumstances presented, the language of the cases which have considered issues similar to that before this court and the admonition of the Court of Appeals in the previously mentioned case, when the District Attorney is presenting to the Grand Jury an "undisposed of felony complaint” case together with other offenses against the same defendant which occurred on dates other than set forth in the "undisposed of felony complaint,” the District Attorney, in all fairness to the defendant, candor to the court and to give real meaning to CPL 190.50 (5), must inform the defendant of such other charges in order that the defendant may make a reasoned judgment to appear before such Grand Jury.
Accordingly, the above-numbered indictment is dismissed with leave to the District Attorney to re-present this matter to a new Grand Jury within 45 days pursuant to the provisions of CPL 210.45 (9) (d), with notice to the defendant of the charges to be considered by that body. Defendant’s bail will be continued pending the aforesaid determination by the District Attorney.