■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BOOMER, Appellant.—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Naro, J.), rendered June 12, 1989, convicting him of criminal possession of a controlled substance in the fourth degree under Indictment No. 6653/87, upon his plea of guilty, and imposing sentence as second felony offender, and (2) two amended judgments of the same court, both rendered June 12, 1989, revoking sentences of probation previously imposed by the

same court, upon findings that he had violated conditions thereof, upon his admissions, and imposing sentences of imprisonment upon his previous convictions of criminal sale of marihuana in the fourth degree under Indictment No. 2447/84, and criminal possession of marihuana in the fifth degree under Indictment No. 2263/84. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence under Indictment No. 6653/87.

Ordered that the judgment and amended judgments are affirmed.

The attention of the police was drawn to the 1980 Buick in which the defendant had been riding, based upon its cracked windshield, which prompted them to run the computer check. When the computer report noted that the vehicle had been stolen from Suffolk County the previous day, the police stopped the vehicle. When asked to do so by the police, the driver of the car was unable to produce either a driver's license or a car registration, whereupon the officers arrested the driver and the defendant. A search of the defendant resulted in the discovery of 43 vials of crack cocaine in his jacket pocket. Suppression of the vials of crack cocaine was denied.

The defendant thereafter pleaded guilty to criminal possession of a controlled substance in the fourth degree and to the violation of the conditions of two sentences of probation. At the commencement of a hearing to determine whether the defendant was a second felony offender, he alleged that his plea of guilty to the prior felony was entered involuntarily. The court adjourned the hearing to give the defendant an opportunity to gather evidence to support his allegation. Two months later, the defendant came before the court but did not produce any evidence to support his contention that his prior plea was entered involuntarily. The defendant argued that he should not be sentenced until the court reviewed the minutes of his plea of guilty to the prior felony. The minutes were unavailable and the court proceeded to sentence the defendant as a second felony offender.

On appeal, the defendant contends that the police did not have probable cause to arrest him and therefore the vials of crack cocaine should be suppressed. However, the computer report that the Buick was stolen furnished the police with a basis to stop the car *(see, People v Bigelow,* 66 NY2d 417, 423; *People v White,* 117 AD2d 127, 131). Although a Department

of Motor Vehicles history, which the defendant obtained after his arrest, did not indicate that the car had been stolen, the police reasonably relied on the computer report that the car had been stolen (see, People v Bigelow, supra). When the driver of the car was unable to produce a driver's license or a car registration, the police had probable cause to arrest the driver and the defendant. Therefore, the search of the defendant, which resulted in the recovery of 43 vials of crack cocaine, was incident to a lawful arrest (see, People v Brown, 184 AD2d 647), and suppression of the crack cocaine was properly denied.

The defendant also argues that the Supreme Court erred in sentencing him as a second felony offender without conducting a hearing to determine whether his prior conviction was constitutional. We disagree. The People have the burden of proving the prior felony beyond a reasonable doubt (see, CPL 400.21 [7] [a]). Once the prior felony is established, as here, the burden shifts to the defendant to prove the conviction was invalid (see, CPL 400.21 [7]; People v Harris, 61 NY2d 9, 15; People v Fox, 117 AD2d 818, 819). The defendant did not present any evidence to support his allegation that his prior plea was involuntary. The defendant's mere conclusory statements were not enough to warrant a hearing (see, People v Harley, 52 AD2d 698). Accordingly, the Supreme Court properly adjudicated the defendant a second felony offender. Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.