■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAMONT ADAMS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated February 27, 1992, which granted the defendant's motion to dismiss the indictment, with leave to re-present the matter to the Grand Jury on the ground that he was deprived of his right to appear before the Grand Jury pursuant to CPL 190.50.

Ordered that the order is reversed, on the law, the motion is denied, and the indictment is reinstated.

The defendant was arrested and charged in a felony complaint with robbery in the first degree (two counts), and robbery in the second degree, which are class B and class C violent felonies, respectively.

The charges stemmed from an incident on December 18, 1991, in Queens County, during which the defendant and another person displayed a knife while demanding and obtaining money from the complainant, and caused serious injury to the complainant by striking him with an axe handle.

The prosecutor, at the arraignment, gave written notice of her intent to submit the robbery charges against the defendant to the Grand Jury. Although the defense counsel gave the prosecutor written notice of the defendant's intention to testify before the Grand Jury, the defendant ultimately chose not to do so.

Subsequently, the defendant was indicted for the crimes of assault in the first degree and assault in the second degree, which are class C and class D violent felonies, respectively, criminal possession of a weapon in the fourth degree, and coercion.

Thereafter, the defendant moved pursuant to CPL 210.20 (1) (c), 210.35 (4), and 190.50 (5) (c) to dismiss the indictment based upon the People's failure to provide the defendant an opportunity to exercise his right to appear before the Grand Jury. The defendant argued, based on *People v Suarez* (103 Misc 2d 910), that the People's notice was defective because the felony complaint charged him with the crimes of robbery in the first and second degrees and the crimes presented to the Grand Jury were different.

The Supreme Court, Queens County, by order dated September 27, 1992, granted the defendant's motion.

We disagree with the Supreme Court's holding. In *People v Suarez (supra)*, the indictment charged a more serious crime, i.e., an armed felony, than that charged in the felony complaint. Although other courts have disagreed with the holding of *People v Suarez (see, People v Fletcher*, 140 Misc 2d 389; *People v Scott*, 141 Misc 2d 623), we need not resolve the precise issue raised in those cases. In the instant case, the crimes charged in the indictment were not more serious than those charged in the felony complaint, and arose out of the same incident, i.e., the December 18, 1991, encounter with the complainant. As the Supreme Court stated in *People v Martinez* (111 Misc 2d 67, 69): "The District Attorney's papers must at least give the defendant some idea 'of the nature and scope of the Grand Jury's inquiry' so as to enable him to appear meaningfully as a witness and, if necessary, secure the effective aid of counsel *(People v Root*, 87 Misc 2d 482, 487)" *(see also, People v Natoli*, 112 Misc 2d 1069, 1071).

This requirement was complied with in this case. Accordingly, the order appealed from must be reversed and the indictment reinstated. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.