■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK OMARO, Appellant. [602 NYS2d 922] —Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered December 18, 1991, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, grand larceny in the fourth degree, and unauthorized use of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find, contrary to the defendant's contention, that it was legally sufficient to establish both the identity of the defendant as the perpetrator and that the complainant sustained physical injury *(see,* Penal Law § 10.00 [9]; *People v Harper,* 145 AD2d 933, *affd* 75 NY2d 313; *People v Hope,* 128 AD2d 638). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find no merit to the defendant's contention that he was

improperly adjudicated a persistent violent felony offender because the People failed to file the necessary statement pursuant to CPL 400.16 and because the sentencing court improperly relied upon a 1979 violent felony conviction. Contrary to the defendant's assertion, the record clearly establishes that the defendant was served with a persistent violent felony offender statement in a timely fashion. Additionally, the defendant had previously been adjudicated a second violent felony offender based upon his 1979 conviction, and was, therefore, bound by that adjudication in this proceeding (see, CPL 400.15 [8]; see also, People v Oliver, 63 NY2d 973).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, O'Brien and Ritter, JJ., concur.