OPINION OF THE COURT
Robert H. Straus, J.
The defendant was arrested on January 4, 1995 and charged in a felony complaint with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, both class B felonies, and resisting arrest, a class A misdemeanor. The defendant was arraigned in Criminal Court on the felony complaint on January 5, 1995, at which time he was served notice of his right to testify before the Grand Jury, and the case was adjourned until January 10, 1995. On January 10, 1995, the defendant appeared in Part N and was advised that his case had been presented to a Grand Jury panel. At this time, the defendant indicated that he did not wish to testify. An indictment was subsequently voted charging the defendant with criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44 [2]). The defense has moved pursuant to CPL 210.20 (1) (c) and 210.35 (4) to dismiss the indictment on the ground that the defendant did not receive adequate notice of his right to testify before the Grand Jury pursuant to CPL 190.50.
The defense asserts that the defendant was denied a meaningful right to so testify as he was never advised that the Grand Jury would consider a charge of criminal sale of a controlled substance in or near school grounds, as such charge was not contained in the original felony complaint. The defense submits that this omission is significant because Penal Law § 220.44 (2), although classified as a class B felony (as are criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third *941 degree), carries with it an enhanced sentence. A first felony offender is subject to a minimum sentence of 2 to 6 years’ imprisonment for a violation of Penal Law § 220.44, whereas a conviction for a charge of Penal Law § 220.39 (1) or § 220.16 (1) will result in a minimum sentence of 1 to 3 years.
The People oppose the defendant’s motion as untimely as well as on the merits. With respect to the issue of timeliness, the People maintain that the instant motion was not filed within five days of the defendant’s arraignment on the indictment as is required pursuant to CPL 190.50 (5) (c). In this regard, the People state that the defendant was arraigned on January 23, 1995 and that the motion was filed on February 9, 1995, 17 days later. The People’s position is factually incorrect. Although the defendant appeared in Part A on January 23, 1995 for the purposes of arraignment, the court file indicates that no indictment was filed on that date and the case was adjourned until February 8, 1995. The court records further indicate that the defendant was arraigned on February 8, 1995 and entered a plea of not guilty. The defendant’s motion was therefore filed in a timely manner and the court will address the motion on its merits.
CPL 190.50 (5) (a) provides that: "When a criminal charge against a person is being or is about to be * * * submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein.”
There appears to be no appellate authority which squarely addresses the issue of whether CPL 190.50 notice is defective if an indictment contains more serious charges than those set forth in the felony complaint upon which a defendant was arraigned. However, People v Adams (190 AD2d 677 [2d Dept *942 1993]) is instructive. In Adams, the defendant was arraigned on a felony complaint charging him with two counts of robbery in the first degree and robbery in the second degree, class B and C violent felonies, respectively, and the defendant was given notice that those charges would be submitted to the Grand Jury. The defendant was subsequently indicted for assault in the first degree and assault in the second degree, class C and D violent felonies, respectively, criminal possession of a weapon in the fourth degree and coercion. The trial court dismissed the indictment on the ground that the CPL 190.50 notice provided to the defendant by the prosecution was inadequate. The Appellate Division, Second Department, reversed and held that since the charges contained in the indictment were not more serious than those contained in the felony complaint and arose from the same incident, the notice provided by the prosecution was sufficient. In reaching this conclusion the court, citing People v Martinez (111 Misc 2d 67 [Sup Ct, Queens County 1981]), noted " '[t]he District Attorney’s papers must at least give the defendant some idea of the "nature and scope of the Grand Jury’s inquiry” so as to enable him to appear meaningfully as a witness and, if necessary, secure the effective aid of counsel’ ”. (People v Adams, supra, at 678.)
Thus, the court finds that CPL 190.50 (5) (a) does not require that the prosecution apprise a defendant of each specific charge that will be presented to the Grand Jury, but rather of the general nature of the charges in order for a defendant to make a considered decision as to whether or not to testify. In People v Scott (141 Misc 2d 623 [Sup Ct, Queens County 1988]), the defendant was arraigned on a felony complaint charging her with vehicular assault and related misdemeanors and the People served notice that they intended to present the matter to the Grand Jury. The defendant was thereafter indicted for attempted murder in the second degree, two counts of assault in the first degree and other related charges arising from the incident set forth in the felony complaint. The court in Scott held that the CPL 190.50 notice was not deficient, concluding that the defendant was aware of the seriousness of the charges against her prior to indictment and could have anticipated that more serious charges might have been considered by a Grand Jury. Similarly, in People v Fletcher (140 Misc 2d 389 [Sup Ct, Queens County 1988]), the court denied the defendant’s motion to dismiss an indictment charging him *943 with assault in the first degree for lack of adequate CPL 190.50 notice where the felony complaint he was arraigned upon charged him with assault in the second degree, as the felony complaint sufficiently provided him with notice of the nature of the charges which could be presented to the Grand Jury.
The court finds that in the instant case, as in Scott and Fletcher (supra), the defendant was sufficiently apprised of the nature and scope of the Grand Jury inquiry. The defendant was charged in the felony complaint with the sale of a controlled substance and possession of a controlled substance with intent to sell it. The only additional element contained in the charge of Penal Law § 220.44 was that the sale took place in or near school grounds. In this regard, the court notes that the felony complaint provided the defendant with notice of the specific location of the alleged sale. The defendant was, therefore, aware of the nature of the charge, i.e., the sale of drugs, along with the specific location of the alleged sale, and the defendant could have reasonably anticipated that the Grand Jury would consider a charge of Penal Law § 220.44 (2).
In support of its motion for dismissal, the defense relies on People v Suarez (103 Misc 2d 910 [Sup Ct, NY County 1980]). In Suarez, the defendant was indicted for a class C armed felony offense after being arraigned on a felony complaint charging two class D felonies only; the court dismissed the indictment based upon the prosecution’s failure to provide the defendant with sufficient CPL 190.50 notice. The court finds Suarez to be distinguishable from the instant matter. In Suarez the charge for which the defendant was indicted was significantly more serious than the arraignment charges in that it was not only a higher grade felony but also an armed as opposed to an unarmed offense. In the instant case, Penal Law § 220.44 is a class B felony as are the two charges which were contained in the felony complaint. That Penal Law § 220.44 has an enhanced minimum sentence for first felony offenders is simply not a factor which rises to the level requiring specific notice for purposes of CPL 190.50.
In sum, the court finds that the defendant received adequate notice pursuant to CPL 190.50 and was afforded a meaningful opportunity to testify before the Grand Jury which he declined. The defendant’s motion to dismiss is accordingly denied.