■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERASMO MEZON, Appellant. [644 NYS2d 763]

Contrary to the defendant's contention, the evidence adduced at the suppression hearing established that the arrest and subsequent search of the defendant were lawful and proper since he did not produce sufficient identifying data for the police to prepare a uniform traffic summons *(see, People v Ellis,* 62 NY2d 393; *People v Copeland,* 39 NY2d 986; *People v Wilcox,* 198 AD2d 544; *People v Rodriguez,* 122 AD2d 895).

The defendant was properly sentenced as a persistent violent felony offender, since the certified copies of the judgments of conviction from the clerks of both New York and Westchester Counties constituted presumptive evidence of the defendant's two prior violent felony convictions *(see,* CPL 60.60 [1]). Moreover, the fact that the defendant was sentenced in 1984 as a second violent felony offender was binding upon him in this sentencing proceeding *(see,* CPL 400.15 [8]; *see also, People v Omaro,* 197 AD2d 711). Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.