■ The People of the State of New York, Respondent, v Samuel Shepard, Appellant. [701 NYS2d 650] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered April 30, 1997, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his sentencing as a persistent violent felony offender without a hearing to determine whether his prior convictions were constitutionally obtained was proper (see, People v Boomer, 187 AD2d 659, 661). The People met their burden of proving his convictions of two prior violent felonies beyond a reasonable doubt (see, CPL 400.15 [7] [a]; [8]; People v Mezon, 228 AD2d 621; People v Boomer, supra, at 661). The defendant's conclusory allegations were insufficient to support his contention that the prior convictions were unconstitutionally obtained (see, People v Boomer, supra, at 661).

The defendant's remaining contentions are without merit. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.

■ The People of the State of New York, Respondent, v James Sinclair, Appellant. [701 NYS2d 651] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 30, 1997, convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in denying the defendant's motion, made on the eve of trial, for yet another competency examination under CPL 730.30 (1) (see, People v Tortorici, 92 NY2d 757; People v Morgan, 87 NY2d 878; People v Russell, 74 NY2d 901). The court properly relied on the most recent finding of competency, as well as upon its own observations of and interaction with the defendant, in concluding that there was no reasonable ground to believe that the defendant was an incapacitated person (see, People v Morgan, supra, at 880-881). Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.