■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT OWENS, Also Known as MICHAEL KEELING, Appellant. [708 NYS2d 876] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered July 10, 1996, convicting him of attempted murder in the second degree, attempted assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal use of a firearm in the first degree, attempted robbery in the first degree, and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction was against the weight of the evidence because of certain inconsistencies in the testimony of the prosecution witnesses. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44

AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Moreover, contrary to the defendant's contention, he was properly sentenced as a persistent felony offender. The People met their burden of proving beyond a reasonable doubt that he had been convicted of two prior felonies (*see,* CPL 400.20 [5]; *People v Shepard,* 268 AD2d 540; *People v Mezon,* 228 AD2d 621). His conclusory allegations were insufficient to support his claim that one of the prior convictions had been unconstitutionally obtained (*see, People v Shepard, supra*; *People v Boomer,* 187 AD2d 659, 661).

The defendant's remaining contentions are without merit. Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.