■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY MATHIS, Appellant. (Appeal No. 2.) [719 NYS2d 419] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contention that all of the counts of the indictment are duplicitous (*see,* CPL 470.05 [2]; *People v Schultz,* 266 AD2d 919, 919-920, *lv denied* 94 NY2d 906), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). County Court properly denied the motion of defendant to dismiss the indictment on the ground that he was denied an opportunity to testify before the Grand Jury. The District Attorney was not required to inform defendant of the prospective or pending Grand Jury proceeding because defendant had not been arraigned in a local criminal court upon a felony complaint which had not been disposed of in the local court (*see,* CPL 190.50 [5] [a]; *People v Simmons,* 178 AD2d 972, *lv denied* 79 NY2d 1007), and the moving papers do not contain sworn allegations of fact supporting the contention that defendant was prevented from communicating his desire to appear before the Grand Jury (*see,* CPL 210.45 [5], [6]). The court also properly denied defendant's motion to dismiss count three of the indictment based upon the People's failure to follow the procedure prescribed by CPL 200.60 (2) (*see, People v Drumgoole,* 234 AD2d 888, 890, *lv denied* 89 NY2d 1011; *see generally, People v Giuliano,* 52 AD2d 240, 243). Defendant was properly sentenced as a persistent violent felony offender. The certificates of conviction issued by the clerks of Chemung and Onondaga Counties constitute presumptive evidence of defendant's two prior violent felony convictions (*see,* CPL 60.60 [1]; *People v Mezon,* 228 AD2d 621, 622, *lv denied* 88 NY2d 990), and the testimony of a State Police investigator concerning defendant's fingerprints established that defendant is the person named in those certificates (*see,* CPL 60.60 [2]; *cf., People v Vollick,* 148 AD2d 950, 951, *affd* 75 NY2d 877). The sentence is not unduly harsh or severe. Finally, we reject the contention that defendant was denied his right to effective assistance of counsel (*see, People v*

*Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Oneida County Court, Dwyer, J.—Attempted Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Kehoe and Balio, JJ.