THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ALLEN, Appellant. [771 NYS2d 685]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered September 17, 2001, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly granted the defendant's request at sentencing to relieve his third court-appointed attorney and determined that the defendant would have to represent himself (*see People v Gloster,* 175 AD2d 258, 260 [1991]). Although an effective waiver of the right to counsel must be the product of a free and meaningful choice, a criminal defendant may be asked to choose between waiver and another course of action as long as the choice presented is not constitutionally offensive (*see Maynard v Meachum,* 545 F2d 273, 278 [1976]; *People v Robinson,* 244 AD2d 364 [1997]). Here, the defendant voluntarily waived his right to counsel when he refused, without good cause, to cooperate with able appointed counsel (*see People v Robinson, supra; People v Gloster, supra*).

The People met their burden of proving beyond a reasonable

doubt that the defendant was a second felony offender by producing a certificate of conviction, which identified the previously convicted individual by name and New York State Identification Number (*see* CPL 60.60 [1]; 400.15 [7] [a]; *People v Melvin,* 279 AD2d 481 [2001]; *People v Richards,* 266 AD2d 714, 715-716 [1999]). The defendant's conclusory allegations were insufficient to support his contention that the prior conviction was unconstitutionally obtained (*see People v Owens,* 272 AD2d 481 [2000]; *People v Shepard,* 268 AD2d 540 [2000]). Thus, the defendant was properly sentenced as a second felony offender. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.