(November 4, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN GIBBS, Appellant. [783 NYS2d 476]—

Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 10, 2000, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Upon pleading guilty to attempted promoting prison contraband in the first degree, defendant was sentenced as a second felony offender to a prison term of 1½ to 3 years, to run consecutive to the sentence he was then serving. Defendant appeals and we affirm. As defendant was not arraigned "in a local criminal court upon a currently undisposed of felony complaint" charging the subject offense (CPL 190.50 [5] [a]), the People had no duty to inform him of his right to testify before the grand jury (*see People v Mathis*, 278 AD2d 803 [2000], *lv denied* 96 NY2d 785 [2001]; *People v Munoz*, 207 AD2d 418, 419 [1994], *lv denied* 84 NY2d 938 [1994]; *People v Anderson*, 127 AD2d 885, 886 [1987]). Because the police took no action to affect an arrest of defendant and did not violate his constitutional due process rights, *People v Smiley* (111 Misc 2d 236 [1981]), relied on by defendant, does not suggest a contrary conclusion.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.