■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VON S. LINDAHL, Appellant. [826 NYS2d 751]—

Rose, J. Appeal from a judgment of the County Court of War-

ren County (Hall, Jr., J.), rendered January 28, 2005, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree, menacing in the second degree and obstructing governmental administration in the second degree.

Defendant moved to dismiss the initial indictment against him on the ground that the People had failed to properly serve notice of his right to testify before the grand jury as required by CPL 190.50 (5) (a). At that time, he also expressly asked to be allowed to testify before the grand jury if the charges were re-presented and listed his mailing address on one of his supporting affidavits pursuant to CPL 190.50 (5) (a). County Court granted the motion, dismissed the indictment and granted the People leave to re-present the charges. Three days before re-presentation, the District Attorney faxed a notice of the imminent grand jury proceedings to the counsel who had represented defendant on the earlier motion. Although counsel immediately responded by fax that he no longer represented defendant and could not accept service on his behalf, no notice was given to defendant at the address provided in his earlier affidavit. The grand jury then returned a second indictment and defendant, acting pro se, timely moved to dismiss it on the ground that, once again, he had been denied his right to testify. County Court reserved decision and later denied the motion because defendant had not filed an affidavit of service of his motion on the People. Following a jury trial, defendant was convicted as charged.

Defendant appeals, and we find merit in his argument that County Court erred in not dismissing the second indictment. A defendant has the right to appear before a grand jury when "prior to the filing of any indictment . . . he serves upon the district attorney . . . a written notice making such request" (CPL 190.50 [5] [a]). Here, defendant served such a notice before the second grand jury presentation and the People do not deny that this notice was received. Indeed, the District Attorney attempted to serve notice of the second presentation. However, we agree with defendant that the notice given by the District Attorney was ineffective because no attempt was made to serve him personally when it became known that he could not be served through counsel.*

The People contend that the District Attorney had no obliga-

* On this appeal, the People asserted for the first time at oral argument that this notice was sufficient because it was served on defendant's then attorney-of-record. However, this issue is unpreserved because the People failed to raise it in opposing defendant's motion (*see People v Antonelli*,

tion to inform defendant of the pending re-presentation because, at that time and unlike the time of the initial grand jury proceeding, defendant was not arraigned "in a local criminal court upon a currently undisposed of felony complaint" (CPL 190.50 [5] [a]; *see e.g. People v Gibbs*, 12 AD3d 710, 710 [2004]). We disagree. In order to secure the right to testify at a grand jury proceeding, CPL 190.50 (5) (a) requires a person to either serve a written request to appear or be subject to a pending undisposed felony charge. Either event triggers the District Attorney's obligation to give notice of the pending grand jury proceeding and afford an opportunity to testify (*see* CPL 190.50 [5] [a], [b]). Here, because defendant timely requested the right to appear, the District Attorney was obligated to give notice of the grand jury proceedings to enable him to exercise that right (*see* CPL 190.50 [5] [b]; *People v Evans*, 79 NY2d 407, 413-414 [1992]; *People v Greco*, 230 AD2d 23, 27 [1997], *lvs denied* 90 NY2d 858, 940 [1997]; *People v Luna*, 129 AD2d 816, 816-817 [1987], *lv denied* 70 NY2d 650 [1987]). The failure to give the prescribed notice renders the resulting indictment invalid and mandates its dismissal (*see* CPL 190.50 [5] [c]; *People v Smith*, 87 NY2d 715, 720 [1996]; *People v Degnan*, 246 AD2d 819, 820 [1998]).

We also agree with defendant that his failure to file proof of service did not provide a sufficient basis for County Court to deny his second motion to dismiss. The record reflects that the motion was timely filed with the People and the People now concede its timely receipt. Particularly since defendant was then proceeding pro se (*see People v Stevens*, 151 AD2d 704, 704 [1989]), County Court should not have rejected his motion as an ex parte application and should have granted, a second time, dismissal of the indictment for insufficient service of the required notice (*see People v Evans, supra* at 414).

Finally, in light of our determination that the indictment must be dismissed, a review of defendant's remaining contentions is unnecessary.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, motion granted and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury.

250 AD2d 999, 1000 [1998]). In any event, the issue has been waived by their failure to brief it on appeal (*see People v Ladd*, 224 AD2d 881, 883 n [1996], *affd* 89 NY2d 893 [1996]).