■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP J. PENNA, Appellant. [849 NYS2d 161]—Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (Mullen, J.), both rendered November 1, 2005, convicting him of reckless endangerment in the first degree, criminal mischief in the third degree (two counts), criminal mischief in the fourth degree, criminal possession of stolen property in the fourth degree, and resisting arrest under indictment No. 1665-05, and criminal possession of stolen property in the fifth degree under Superior Court information No. 2496-05, upon his pleas of guilty, and imposing sentences.

Ordered that the judgment rendered under Superior Court information No. 2496-05 is affirmed; and it is further,

Ordered that the judgment rendered under indictment No. 1665-05 is modified, on the law, by vacating the sentences imposed upon the convictions of both counts of criminal mischief in the third degree; as so modified, the judgment rendered under indictment No. 1665-05 is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing on those counts.

The People sustained their burden of proving, beyond a reasonable doubt, that the defendant was previously convicted of the felony upon which his adjudication as a second felony offender was based (*see* CPL 400.21; *People v Myron,* 28 AD3d 681, 684 [2006], *cert denied* — US —, 127 S Ct 1919 [2007]; *People v Allen,* 4 AD3d 479, 480 [2004]). The defendant's conclusory allegations were insufficient to support his contention that the prior conviction was unconstitutionally obtained (*see People v Allen,* 4 AD3d 479 [2004]; *People v Owens,* 272 AD2d 481, 482 [2000]).

However, as correctly conceded by the People, the concurrent indeterminate sentences of three to six years' imprisonment, imposed on the defendant's convictions of criminal mischief in the third degree under Penal Law § 145.05, were illegal (*see* Penal Law § 70.06 [3] [e]). Thus, under the circumstances of this case, we remit the matter to the Supreme Court, Suffolk County, for resentencing on those convictions (*see People v Reed,* 2 AD3d 463 [2003]). Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.