■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CERIOUS McCRAY, Appellant. [965 NYS2d 615]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Alfieri, J.), rendered November 29, 2011, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and sentencing him, as a second felony offender, to two concurrent determinate terms of imprisonment of 10 years on one count of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, which are to run consecutively to two concurrent determinate terms of imprisonment of 10 years on the other counts of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, all counts to be followed by a period of three years of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was not legally sufficient to support his conviction is not preserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), the evidence was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant failed to establish that he was denied the effective assistance of counsel (see People v Stultz, 2 NY3d 277, 279 [2004]; Strickland v Washington, 466 US 668, 687-694 [1984]).

Although the period of time between the defendant's 1999 conviction and the commission of the felonies for which he stands convicted in this case was more than 10 years, the 1999 conviction constituted a predicate felony for purposes of second felony offender sentencing, since the 10-year statutory period was tolled while the defendant was incarcerated from May 5, 2000, to February 22, 2007 (see Penal Law §§ 70.06 [1] [b] [iv], [v]; 70.70 [3] [b] [i]). The defendant's conclusory allegations were insufficient to support his contention that the prior conviction was unconstitutionally obtained (see People v Penna, 47 AD3d 844 [2008]; People v Allen, 4 AD3d 479 [2004]; see also CPL 400.21 [7] [b]).

The sentence, although legally permissible, is excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.